FINDLAY *vs.* PRUITT.

1. Advantage of an irregularity in a writ, must be taken by plea in abatement.

2. It is essential to the validity of a plea in abatement to the writ, that the writ should be set out on oyer—where this is not done, it cannot be presumed to be waived.

3. A plea in abatement to a writ, taken in short, by consent of parties—waives both the form and substance of the writ.

5. Advantage can *only* be taken of a variance between a writ and declaration, by plea in abatement.

7. Mere suspicion, that a felony has been committed, will not justify an assault and imprisonment; though a well grounded belief, founded on pregnant circumstances, that a felony has been committed, will.

8. And, in any event, violence cannot be used, unless the arrest is opposed by resistance.

9. Where a defendant is improperly permitted to assail the character of plaintiff, there is no error in permitting plaintiff to countervail it by evidence of good character.

10. Points intended to be raised for revision, must be set out in the record with reasonable certainty, and where this is not done, so as to enable the court to decide without danger of mistake, the exception or point reserved, will be disregarded for uncertainty.

Error to the Circuit court of Benton.

Trespass, assault and battery, &c.—tried by *A. Martin*, J.

This action was brought in the court below, by the defendant in error, against the plaintiff in error, for a

trespass.    The writ is sued out in the name of *A. G. Pruitt.*

The declaration consists of two counts—one for an assault and battery, and the other for false imprisonment. The statement in the declaration is, "Ansel B. Pruitt, who sued out his writ under the style of (A. G. Pruitt,) by attorney, complains," &c.

The defendant below pleaded in abatement, in short, the variance between the writ and declaration.    To this plea, the plaintiff below demurred, and the demurrer was sustained by the court.

The defendant below then craved oyer of the original writ, and demurred to the declaration, which was overruled by the court.    The defendant below then pleaded not guilty, with leave to give special matter in evidence. The jury found a verdict for the plaintiff below.

On the trial, a bill of exceptions was sealed by the presiding judge, from which it appears that the defendant below, on the cross-examination of one of the plaintiff's witnesses, proved that at the time the violence was committed by defendant on plaintiff in a public crowd, it was generally suspected by that crowd, that the plaintiff was guilty of stealing money from the defendant's store, which was the cause of the violence committed by defendant on plaintiff.    The witness, also, on cross-examination, stated that one Cox said he (plaintiff,) had stolen the money from defendant's store, and made this statement to the plaintiff's face, in the crowd.    It was also proved, that the defendant told the plaintiff at the time, and also while going to the place, that he (plaintiff) was guilty of stealing his money.    Said witness further

said, on cross-examination, that he had been acquainted with the plaintiff nine or ten years.

The plaintiff's counsel then asked the witness, what was the general character of the plaintiff; to which the defendant's counsel objected—

1. Because the plaintiff could not go into his own general character;

2. That the plaintiff, after cross-examination, had no right to enquire into new matter.

But the court overruled the objection, and allowed the witness to answer. The plaintiff was also allowed to introduce other witnesses, to prove his general good character, though objected to by the defendant's counsel.

To the opinion of the court, overruling the defendant's objections, and admitting the testimony as aforesaid, the defendant excepted.

The defendant below now assigns as error :

1. The court erred in sustaining the demurrer of the plaintiff below, to the plea in abatement of the defendant ;

2. The court erred in overruling the demurrer to the declaration ;

3. The court erred in permitting the plaintiff to introduce witnesses in proof of his good character, as set forth in the bill of exceptions.

*Chilton*, for plaintiff in error.
*Martin*, contra.

ORMOND, J.—In England, and in some of the States of the Union, a variance between the writ and declara-

tion, is reached in a summary mode, by motion to the court to set aside the declaration for irregularity. But this proceeds from the refusal of the court to allow oyer to be craved of the writ, without which the variance cannot be shown, unless, as in this case, it appears from the declaration, when it may be reached by motion— (See Willard vs. Missani, 1 Cowen, 37.)

. The act of the Legislature (Aik. Dig. 278,) which requires process irregularly or improperly issued, to be abated on the plea of the defendant, must, in this State, introduce a different rule ; and advantage may be taken of an irregularity of this kind, by a plea in abatement— if compelled by the court.

This has been attempted, in this case, but in such a careless and inartificial manner, that no benefit can be derived from it. It is in these words : " The defendant, by consent of plaintiff, pleads a misnomer, in setting out the name of A. G. Pruitt, in the original writ, in this, that his true and only name is Ansel B. Pruitt, and not *A. G. Pruitt*, which is taken in short, and sworn to."

In pleas in abatement, which *do not* reach the merits of the case, but merely delay the action, great strictness has always been required, and *form* becomes material. What then is intended to be waived by the consent of the parties—the mere form of the plea, or both form and substance ? for unless the latter was the intention of the parties, the plea cannot be sustained. It is essential to the validity of the plea, that the writ should have been set out on oyer : this has not been done, and we cannot presume it was waived. If it be intended to raise questions of this kind, the plea must either be drawn out *in*

*extenso,* or at least, all the material facts and allegations necessary to constitute the plea, must be stated.

The court, therefore, did not err in sustaining the demurrers to the plea in abatement; nor did the court err in overruling the demurrer to the declaration.

It is well settled, that advantage cannot be taken of a variance between the writ and declaration, but by plea in abatement. A demurrer, in the language of Mr. Chitty, objects to the sufficiency of the declaration, plea, or replication, to which it is filed, upon the face of the pleading, and without reference to extrinsic matter. But the declaration in this case, unaided by the writ, showing that the writ and declaration do not correspond, is not objectionable, and the demurrer was therefore properly overruled.

The remarks made in reference to the pleadings, apply with equal force to the statements in the bill of exceptions, showing the admission of testimony, objected to by the plaintiff in error.

It is difficult to ascertain, with any thing which approaches to certainty, for what purpose the defendant below was permitted to give evidence to impeach the character of the plaintiff. The language of the bill of exceptions is, that the defendant proved "that at the time the *violence was committed* by defendant on plaintiff, in a public crowd, it was generally suspected by the crowd, that the plaintiff was guilty of stealing money from defendant's store."

We might perhaps conjecture, that as one of the counts of the declaration charged the defendant below with false imprisonment, that this evidence was intended to

justify the arrest and imprisonment for the supposed fe-
lony ; but there is no plea of justification interposed, un-
less the agreement to permit the special matter to be giv-
en in evidence under the general issue, can be so con-
sidered.   It is not, however, necessary, to consider the
effect of this agreement, as the evidence would have been
improper, under a plea of justification.

It is true, that an arrest may be justified, where there
is a well grounded belief, founded on pregnant circum-
stances, that a felony has been committed, but mere *sus-
picion* will not afford a justification.   At all events, whe-
ther the belief of the guilt of the defendant in error was
well or ill founded, it would not authorise *violence* to be
used, unless the arrest was opposed by resistance, which
is not stated.   It would appear, therefore, that the evi-
dence was offered upon the first count in the declaration:
assuming this to be the case presented by the record, the
evidence was improperly admitted ; but as the defendant
below was thus permitted improperly to assail the char-
acter of the plaintiff below, the court did not err, in per-
mitting the plaintiff to countervail it by evidence of good
character.

It is possible, that we may have mistaken the case in-
tended to be presented to this court for revision ; but if
it be so, the fault must rest on those whose duty it was
to present the points they intended to raise upon the re-
cord, with reasonable certainty.   If this is not done, so
as to enable this court to decide, without danger of mis-
take, the exception taken in the court below, or point re-
served, will be disregarded, for uncertainty.

The judgment of the court below is affirmed.