## Burroughs v. Wright.

1. An appearance by the defendant in a suit, commenced by attachment, will have the same effect as a waiver, as it would have in a suit commenced in the usual mode.

Error to the County Court of Tuskaloosa.

THIS was an action commenced by attachment, by the defendant in error against the plaintiff in error, on a promissory note. Two persons who were summoned as garnishees, denied by their answers, that they were indebted to, or had effects of the defendant in their hands.

At the trial term, a judgment was rendered against the defendant below in these words: "came the parties by their attornies, and the defendant saying nothing in bar or preclusion of the plaintiff's action, it is therefore considered by the court," &c.

From this judgment the defendant prosecutes this writ of error, and assigns for error, the rendition of judgment by default.

Peck & Lincoln Clark, for the plaintiff in error.

J. L. Martin, contra.

ORMOND, J.—That the appearance of a defendant will

dispense with service of process, is not denied, but the argument of the counsel for the plaintiff in error is, that there is a distinction between the case of a suit commenced by writ in the ordinary mode, and one commenced by process of attachment, as is the case here. We can perceive no difference between the cases. The object of the attachment is to compel an appearance, by a levy on the property of the defendant; and he certainly may do that voluntarily, which it was the object of the process to accomplish in another mode. That he did appear and waive making any defence to the action, is shown by the record. Some remarks were made at the bar, about the manner in which the clerks make up the minutes ; so far as these remarks were designed to impugn the veracity of the record, they can have no weight. The fact that the *parties appeared by their attornies,* is established by the same testimony as the rendition of the judgment, and one may be questioned with the same propriety as the other.

Let the judgment be affirmed.