## BANKS v. LEWIS.

1. A plea containing matter in abatement and concluding in bar, is bad as a plea in abatement and may be taken advantage of on demurrer.
2. A plea in abatement to a suit commenced by attachment because of a defective affidavit should set out the affidavit on *oyer*.

Error to the County Court of Russell.

This action was commenced in the Court below by original attachment. The defendant at the appearance term pleaded in abatement, "that said plaintiff ought not to have and maintain the said attachment against the defendant, for this, to wit: that the said plaintiff is and was, at the time of suing out the same, a resident of the State of Georgia, of which the defendant was at said time, and is also a resident, and that said plaintiff omitted to state in his said affidavit for suing out said attachment, *that the defendant had not sufficient property in the State of his residence, within the knowledge or belief of plaintiff to satisfy said debt,* which said averment is required by law to be made in the affidavit of a party suing out an attachment, when and where both the plaintiff and defendant reside out of the limits of the State of Alabama. Wherefore the defendant prays the judgment of this Court, whether the said plaintiff can have and maintain his said action against this defendant," &c. The plea was verified by affidavit.

To this plea the plaintiff demurred, and the Court overruled the demurrer. The plaintiff then asked leave to reply to the plea and traverse the facts therein contained, but the Court refused to permit the plaintiff to reply, and dismissed the attachment, notwithstanding the plaintiff objected to trying an issue at the return term.

From this judgment this writ is prosecuted by the plaintiff, who assigns for error—

1. In its judgment on the demurrer to the plea.
2. In rendering judgment for the defendant.

BELSER and HARRIS, for plaintiff in error, contended that the plea was bad, because it began and concluded in bar, and contained matter in abatement, and that oyer should have been craved of the affidavit. [2 Porter, 249; 9 id. 195; 1 Chitty's Pleading, 496; Gould's Pleading, 29, 293.]

ORMOND, J.—The plea in this case cannot be sustained. The authorities cited show that a plea containing matter in abatement and concluding in bar, is bad, as a plea in abatement. The conclusion of a plea in abatement is a prayer that the writ be quashed—the denial that the plaintiff can maintain his action is an admission that the writ is properly sued out.

It was also necessary that the affidavit should have been set out on *oyer*, that the Court might have been able to judge whether the affidavit was defective or not. [Findley v. Pruitt, 9 Porter, 195.]

Let the judgment be reversed and the cause remanded.