Sledge, Ex'r, v. Tubb.

---

## SLEDGE, ex'r, v. TUBB.

1. T. being indebted to S, in a sum of money secured by note, left the amount in the hands of L. & L. of Mobile, to take up the note. On being written to by the attorneys of S. for the money, T. informed them of the deposit with L. & L. and asked them to call and receive the money. After this, the attorneys of S. brought suit against L. & L. in the name

Sledge, Ex'r, v. Tubb.

of S. and recovered judgment, but which was not satisfied, they being insolvent: *Held*, that these facts did not establish a payment of the debt.

Error to the County Court of Perry.

Assumpsit by the plaintiff, against the defendant in error, on a promissory note for $225, dated 25th April, 1837, and due nine months after date. The defendant relied on a payment.

From a bill of exceptions, it appears, that on the 30th April, 1838, the defendant deposited with Lea & Langdon of Mobile, $235, taking from them a receipt to apply the money in payment of a note for $225, given by the defendant to plaintiff's testator, then in the hands of H. I. Thornton, of Mobile. There was evidence conducing to prove, that the note here referred to was the one in suit, but none that the plaintiff's testator knew of, or assented to the arrangement, or that Lea & Langdon paid over the money. The defendant also proved, that an action of assumpsit was brought in Mobile, in the name of the plaintiff, against Lea & Langdon, by Stewart & Easton, who it was proved were lawyers, and succeeded the firm of which H. I. Thornton was a member, and a judgment recovered thereon for $238 73. It was admitted this judgment had never been paid, and that Lea & Langdon were bankrupts, and insolvent.

The plaintiff produced and read a letter from defendant, addressed to Messrs. Stewart, Thornton & Easton, dated 6th August, 1838, as follows: "I received your letter informing me, that you had my note given to Sledge, for which I am much obliged. I deposited funds in the hands of Lea & Langdon last April, to cancel this debt, and presume they must have forgotten to apply for the note. I have written them this day to call on you and settle it. If they do not call on you, please call on them, as I am sure you will at once be paid."

Upon this testimony, the court charged the jury, that if they believed that the judgment was for the money left with Lea & Langdon to pay the note, then whether the judgment

was satisfied or not, it was a payment of the note by the defendant, or equivalent thereto; and that plaintiff could not obtain another judgment on the note for the same debt. To which the plaintiff excepted, and which he now assigns as error.

A. GRAHAM, of Perry, for plaintiff in error, insisted that the deposit of the money with Lea & Langdon was not a payment, unless assented to by the plaintiff. [Swift v. Hathaway, 1 Gal. 417; Wheeler v. Guild, 20 Pick. 545.]

A note is not a payment of a precedent debt, unless agreed to be received as such.

A. B. MOORE and I. W. GARROTT, contra.

The money was not placed in the hands of Lea & Langdon as collateral security, but for payment, and if the agency of Lea & Langdon was recognized, it was a payment. [Coffin v. Power, A. N. P. 49.]

The plaintiffs elected to take Lea & Langdon for their debt, as is shown by their having instituted suit against them, and their having failed to sue for nearly six years. [Whitlock v. Van Ness, 11 Johns. 409; Breed v. Cook, 15 Id. 241.]

ORMOND, J.—From the testimony in the cause, it is manifest that Lea & Langdon were the agents of the defendant, in the receipt of the money deposited with them for the payment of the note in suit, and to cast the loss upon the plaintiff, it must be shown that he agreed to receive the money in their hands as a payment of the debt. It is contended by the counsel for the defendant, that the commencement of a suit against Lea & Langdon for the use of the plaintiffs, and the judgment obtained is such an election. If it were conceded, that the suit being brought by the attorneys of the plaintiff, with whom the note was lodged for collection, authorized the inference that he directed it to be brought, it would not be evidence of an election to take Lea & Langdon for the debt, as that act is entirely consistent with the continuing liability of the defendant. To discharge the defendant from liability on this note, he must prove either that the

49

money has been paid by Lea & Langdon, or that the plaintiff agreed to accept the money in their hands as a payment and discharge of this note. The facts in proof authorized no such inference.

Judgment reversed and cause remanded.