## GOLDSTICKER *vs.* STETSON & CO.

1. A variance between the writ of attachment and the bond and affidavit, if available at all to the defendant, can only be taken advantage of by plea in abatement.
2. A plea in abatement which concludes in bar is bad on demurrer.
3. Where a plea in abatement of a variance sets out the attachment, bond and affidavit, but does not crave oyer of them, it is bad on demurrer.

ERROR to the Circuit Court of Mobile.
Tried before the Hon. L. GIBBONS.

Stetson & Co. sued out a writ of attachment against Goldsticker for $557$\frac{60}{100}$, as stated in the writ. The defendant below filed his plea in abatement, setting out, without craving oyer, the affidavit, the bond, and attachment. The affidavit thus set out, states the amount of the debt to be $257$\frac{60}{100}$, and the bond is for $515$\frac{20}{100}$. The plea concludes, "Wherefore he says that the said writ was by the said plaintiffs wrongfully and unlawfully issued, without a proper bond and affidavit, as is required by the statute in such cases made and provided, and that they ought not to charge the said defendant thereby, and this he is ready to verify, &c., wherefore he prays judgment, &c." To this plea there was a demurrer, which was sustained by the court.

The defendant refused to plead over, and judgment was given for the plaintiffs.

The case is brought here on writ of error for revision, and

the judgment on the demurrer and the final judgment are assigned as error.

STEWART, for plaintiff in error:

The error in this case is, that Stetson & Co. sued out an attachment for the sum of $557$\frac{60}{100}$, when the same was not warranted by a sufficient affidavit and bond.

The bond and affidavit were for a debt of $257$\frac{60}{100}$ only. But the attachment was for a much greater debt. The consequence was, that a levy was made for the whole amount of the false debt mentioned in the writ, and the defendant was compelled to give security in a bond for the sum of $1,115$\frac{20}{100}$, when the debt sworn to was only $257$\frac{60}{100}$.

The proper manner of taking the objection to this oppression and irregularity, is by the statute declared to be by plea in abatement.

The proper plea in abatement was filed, and the plaintiff demurred to it. The judge sustained the demurrer, on the ground that the objection could not be taken in abatement.

In this, the court very clearly erred, as we contend, and as to this we refer to the statute, and also to Clay's Dig., p. 55, sec. 3; Jones v. Pope, 6 Ala. 154; Kirkman v. Rosser, 19 Ala. 32.

PHILLIPS, contra:

Slight or formal defects and irregularities in proceeding by attachment will be amended. Pearsall & Stanton v. Middlebrook, 2 S. & P., 406.

If the bond was defective, this would not abate the suit. Lowry v. Stowe, 7 P. 483; P. & M. Bank v. Andrews, 8 P. 251; Alford v. Johnson, 9 P. 320; Jackson v. Stanley, 7 Ala. 327.

The mere errors which have crept into the proceedings in stating the amount of the indebtedness, will not vitiate them. If the defendant has been injured, he would have his remedy by trespass.

LIGON, J.—The case of Banks v. Lewis, 4 Ala. 599, is so analogous to the present, that it must control its destiny.

There, as here, the plea in abatement was not drawn with that technical nicety which the courts require in dilatory pleas.

The plea here contains matter which, if available at all, is only so in abatement, and it concludes rather in bar, than in abatement; and for this reason, it is bad on demurrer. 4 Ala. 599; 2 Por. 249.

The variance of which the defendant complains, could only be brought to the knowledge of the court by setting out the affidavit and bond on oyer. Here, although they appear in the plea, the plea does not so set them out on oyer technically craved. For this reason, also, the demurrer was rightly sustained. Banks v. Lewis, *supra*.

There is no error in the record, and the judgment must be affirmed.