## VAN DYKE *vs.* THE STATE.

1. The question whether the State can commence a suit by attachment, cannot be raised by a demurrer to the declaration.
2. The Comptroller of Public Accounts, in this State, has no authority to receive payment of moneys due to the State; and a payment to him, being unauthorized and invalid, does not discharge the party making it from responsibility to the State.
3. When an agent pays the money of his principal to a person who is not authorized to receive it, the principal may sue the receiver in assumpsit for money had and received; but the bringing of such an action is a ratification of the payment, and discharges the agent from all further responsibility.
4. A payment to the Comptroller, of moneys due to the State, can only be ratified by the sovereign power of the State; a suit cannot be instituted against him for its recovery, in the name of the State, by the direction of the Governor.

ERROR to the Circuit Court of Tuskaloosa.

Tried before the Hon. THOMAS A. WALKER.

ASSUMPSIT by the State of Alabama against the plaintiff in error, Jefferson C. Van Dyke, late Comptroller of Public Accounts; the suit being commenced by attachment, in November, 1851. The defendant craved oyer of the attachment, bond and affidavit, and demurred to the declaration. The demurrer was overruled, and he then pleaded the statute of limitations; and a demurrer to this plea being interposed and sustained, he pleaded *non assumpsit*.

On the trial, the plaintiff read the statute abolishing taxation

and directing the expenses of the government to be paid by the State Bank and its Branches, and proved, by written testimony, that the defendant received from the Branch Bank at Huntsville, in the year 1842, the sum of $6,220 45, of the funds due from said Branch Bank to the State under the statute referred to. Plaintiff then introduced three receipts, each signed, " J. C. Van Dyke, Com. Pub. Accts.," of which the following are copies :

"Received of John H. Gee four thousand dollars, to be placed to his credit for taxes from the County of Sumter for the year 1846. Feb. 24, 1847."

"$21,065. Comptroller's Office, Jany. 8, 1847. Received of A. C. Walker twenty-one thousand and sixty-five dollars, being a partial payment of the taxes due from Mobile County for the year 1846."

"$1,585. Comptroller's Office, Jany. 8, 1847. Received of A. C. Walker fifteen hundred and eighty-five dollars, being a full payment for the licenses issued in Mobile County for the year 1846."

This being all the evidence offered, the defendant requested the court to charge the jury, that it was not sufficient to authorize a recovery against him for any of the items ; he also asked separate charges to the same effect, in relation to each particular item. These charges the court refused to give, and instructed the jury, that the evidence made out a *prima facie* case on the part of the plaintiff. The defendant excepted to the charge given, and to the refusal to charge as requested ; and he now assigns for error the overruling of his demurrer to the declaration, the charge given, and the refusal to charge as requested.

E. W. PECK, for plaintiff in error :

1. Can the State become or be made party to a suit at law, unless the right or power is given, either by the constitution, or by some law made in pursuance of it ? The State is a mere political entity, and, of itself, has the power of neither volition or action ; it can will and act only through or by the instrumentality of public agents or officers, who can only act for it in the cases provided, and in the manner prescribed ; and the courts will judicially take notice

who these public agents and officers are, and in what cases they may act for the State and bind it. This being so, no plea to the jurisdiction, or in abatement, was necessary to bring the question to the consideration of the court, in a case where there is no law to authorize the State to bring the suit. There is no provision in the constitution, nor is there any statute, authorizing the State to sue at the time this suit was brought, except the statute providing the mode of collecting the public revenue.—Clay's Digest 244 § 16.— Provision, however, is now made by the Code (§ 2137).

2. But if the State may sue, it cannot sue by attachment. The State is not bound by a statute, unless expressly named : why then, should it have the benefit of a statute, unless named in it? The remedy by attachment is an extraordinary remedy : it is not intended for the benefit of all persons, but only for certain persons, and only for them in certain cases. The State is not named ; and the entire scope and objects of the several stautes show, that the remedy was not intended for the benefit of the State.—See § § 9, 31. As the declaration shows, on its face, that the suit was commenced by attachment, the defendant was entitled to the benefit of this objection on demurrer. The object of a plea is, to put upon the record a defence, or to make an objection to the declaration for a cause, which is not patent on the face of the declaration itself. If a suit be brought in the name of a dead man, it cannot be maintained ; but if the fact of his death does not appear, it must be pleaded, and may be by plea in bar ; but if the declaration states the fact of the plaintiff's death, it certainly would not be necessary to plead it.—Jenks v. Edwards, 6 Ala. 143, and authorities there cited.

3. But, if the State might properly sue in this case, and by attachment, yet the evidence fails to show any right on its part to a judgment. The money received by Van Dyke from the Huntsville Bank, was not the money of the State, but of the Bank who drew the draft : the Bank drew the draft under the mistaken belief that he, as the agent of the State, was authorized to receive it for the State; but this not being true, it was money in his hands for the use of the Bank, who might at once have instituted suit against him for

its recovery. The State might have elected to ratify the payment; and such election and ratification, legally made, would have made the payment lawful, and consequently discharged the Bank from all liabilty to the State, to the extent of that payment. But such an election and ratification could only have been made by an act of the legislative department of the government, that is, by some statute declaring such election and ratification, or authorizing some person, agent or officer, to make such election and ratification on its behalf. Such election and ratification have never, to this day, been made.

Again; such election and ratification should have been made within a reasonable time, that is, before suit brought by the Bank to recover the money from Van Dyke; for, as it was money in his hands for the use of the Bank, no election and ratification after suit brought by the Bank could defeat its recovery. But if no such suit was brought by the Bank, such election and ratification should have been made before the Bank's right of action was lost by the operation of the statute of limitations.

ORMOND & NICOLSON, *contra* :

1. The State may sue, at common law, or in chancery, in its own courts, or in the courts of another State, not only in virtue of its common law prerogative of sovereignty, but also because it is a corporation, the highest known to the law. This position, which cannot be seriously questioned, is sustained by the following authorities : United States v. Buford, 3 Peters 30; The State of Illinois v. Delafied, 8 Paige 527 ; 5 Bacon's Abr., tit. Prerogative, E. 7; Story on Constitution § § 1273, 1274.

It may also sue by attachment, as that is only a different mode of bringing the defendant into court.—P. & M. Bank v. Andrews, 8 Porter 404.

3. But this objection cannot now be raisd ; it could only have been made by plea in abatement —Cain v. Mather, 3 Porter 224; Roberts v. Burke, 6 Ala. 348; Loomis v. Allen, 7 *ib*. 706 ; Thompson v. Hair, 7 *ib*. 313 ; Jordan v. Hazard, 10 *ib*. 221; Jackson v. Stanly, 2 *ib*. 326; Calhoun v. Cozens, 3 *ib*. 21. Nor is the question open, whether the State can

sue in any form : that question could only be raised by a plea to the disability of the plaintiff, which is the first plea in the order of pleading ; and any subsequent plea, of law or fact, admits the ability of the plaintiff to sue.

4. The State then, in the present condition of the pleadings, is like any other individual, who, if his agent pays money to one not authorized to receive it, may elect to sue the receiver; and, in such case, no other question would arise, than whether the money belonged to the plaintiff. Van Dyke being merely the medium through which the money was to be transmitted, became liable, upon his failure to pay over the money, to the action of assumpsit.—Hitchcock v. Lukens, 8 Porter 338; Hall v. Marston, 17 Mass. 575; Jones v. Hoar, 5 Pick. 285 ; Wilson v. Smith, 3 Howard's (U. S.) Rep. 763.

5. A judgment against Van Dyke does not preclude the State against the Bank.—Sledge v. Tubb. 11 Ala. 383.

GOLDTHWAITE, J.—the question as to the right of the State to commence a suit by attachment, we think, is not presented by the record before us. Under our decisions, it is well settled, that, upon a demurrer to the declaration, the defendant cannot raise the objection that he is not regularly before the court.—Findlay v. Pruit, 9 Port. 195 ; Palmer v. Lesne, 3 Ala. 741 ; Griffin v. The Bank of the State of Alabama, 6 *ib.* 908 ; Jordan v. Hazard, 10 *ib.* 221. In the case of Jordan v. Hazard, *supra,* the suit was commenced by attachment, and the defendant craved oyer of the original writ, and demurred, upon the ground that the attachment was sued out for a cause not warranted by the attachment law. The case was elaborately argued, and the court declined to consider the question which was attempted to be raised, for the reason that it was not presented by the demurrer, which brought to view the declaration only, and did not authorize an examination into the validity and legality of the attachment. The principal upon which these decisions rest, is applicable to the case under consideration. The object of the law in relation to original attachments, considered with reference to the pleadings, was, to provide the means by which, in certain cases, it was allowable to

bring the defendant into court ; and he could not, by a demurrer to the declaration, inquire into the regularity or legality of the proceeding through the medium of which that object was accomplished. As the State had a clear right to sue, (Cox *et al* v. U. States, 6 Peters 172 ; Story on the Constitution § 1274,) and as the declaration contained a substantial cause of action, the demurrer was correctly overruled.

On the trial, it was proved, that Van Dyke received from the Branch Bank at Huntsville, upwards of six thousand dollars due from that corporation to the State under the statute abolishing taxation,♦ and directing the expenses of the government to be paid by the State Bank and its Branches; that he also received from the tax collectors of Mobile and Sumter Counties, certain sums on account of taxes due to the State from those counties, and that the money was received by him during the period he was Comptroller of Public Accounts. The court was requested to charge, that the evidence as to each and all these items was insufficient to authorize a recovery ; and the refusal to give these charges, presents the question whether, upon the law applicable to the case, the State upon this evidence was entitled to recover.

In the case of The Governor v. Walker, 22 Ala. 118, we held, that the Comptroller was simply the accounting officer of the government, and that, in the absence of any special authority given by law, payments of the public dues made to him were unauthorized and invalid. It can make no difference, in principle, whether the amounts which he received were considered as payments by the parties, or whether the money was simply deposited in his hands, to be paid by him into the treasury : in neither case did the law confer upon him the authority to receive it; and, under the decision we have referred to, the liability of the Bank in the one case, and the tax collector and his sureties in the other, continued, until they had absolved themselves from responsibility by the payment of the States dues to the public treasurer, who was the only person authorized by law to receive them.

When an agent pays the money of his principal to a person who has no authority to receive it, the principal, it is true, can recover the amount thus paid of the receiver, in an action for

money had and received; but this action can, in such case, only be maintained on the ground of the confirmation of the payment.—Billion v. Hyde, 1 Atk. 128; Smith v. Hodson, 4 T. R. 211; Hovil v. Pack, 7 East 164; Conn v. Penn, 1 Pet. C. C. R. 496; Ferguson v. Carrington, 9 B. & C. 59; Copeland v. Mer. Ins. Co., Pick. 198; Paley on Agency (by Loyd) 122, and note; *ib.* 172, 173. The bringing of an action for money had and received, against the receiver, amounts to a ratification, and has the same effect upon the agent, as if he had an original authority; (Conn v. Penn, *supra*; Story on Agency § 244, and cases cited;) and, therefore, operates to discharge the agent from the consequences of his act to the principal.—Story on Agency § 243, and cases there cited. The case of Sledge v. Tubb, 11 Ala. 383, seems to maintain a different doctrine; but the positions we have asserted have been too long recognized, and rest upon too firm a basis of principle and authority, to be shaken.

Applying these principles to the case before us, it is obvious that a ratification by the State of the act of the Bank, or the tax collectors, in making the payments to or deposits with Van Dyke, is an essential requisite to the support of the present action. In the language of Judge Story, (Story on Agency § 259,) " the suit would not, on any other ground, be maintainable," and it is equally true, that a ratification of these acts, must discharge both the Bank and the tax collectors from their liability. The question is, can the State ratify these acts, without a law to that effect. If it cannot, it follows, necessarily, that, if no such law exists, a suit which can only be maintained on the principle of ratification cannot be sustained at all. We have seen from the case of Walker v. The Governor, *supra*, that the payment of this money to Van Dyke was unauthorized. In that case, the suit was against a tax collector who had paid a portion of the money sought to be recovered to the same person who is the defendant below in the present suit, and taken his receipt for the money thus paid. The receipts were received by an agent appointed by the Governor, to be used as evidence against Van Dyke in the present suit. It was insisted that this was a ratification by the State of the payments made by the tax collector to Van Dyke. The court, upon this point, say: " As to the ratification by the State of the pay-

ments made to Van Dyke: The authority to receive the public revenue could only be conferred upon the latter by law; and if the law did not confer this authority, no officer or agent of the State could do so; and if no officer could authorize the payment, none could afterwards affirm it. It could only be done by the sovereign power of the State." No statute has been passed confirming the payment to the plaintiff in error of the money which the evidence shows this suit was brought to recover: the State has conferred the power of ratification upon no officer, and in the absence of authority to confirm, an action depending upon the confirmation cannot be maintained.

It may be necessary to notice, very briefly, the argument that the right of the State to sue being conceded, it stands with reference to that right upon the same ground as an individual, and, as the latter may elect to sue the party receiving the money, the State may make the same election. An individual has the right to ratify the unauthorized act of his agent, in any way he may select: all that is necessary, is, that he should manifest his assent to the act. The State can ratify by the law alone. The Legislature has declared, in effect, that the public revenue shall be paid to the public treasurer, and the State must act in obedience to its own laws. If this suit can be maintained, the law which requires these payments to be made to that officer, is changed,—an unauthorized payment made to another individual is legalized, and, in the particular instance, the law is repealed and abrogated, without the action of the Legislature.

As our decision on this point must be decisive of the case, it is unnecessary to meet any of the other questions presented by the record. The court below, upon the evidence, should have charged that the plaintiff could not maintain the action.

The judgment must be reversed, and the cause remanded.