## BRADFORD *vs.* BARCLAY AND WIFE.

[ACTION ON PROMISSORY NOTE, BY PAYEES AGAINST MAKER.]

1. *Limitation of action for money had and received.*—A demand for money collected by plaintiff, on a judgment in favor of himself and defendant's intestate jointly, is not an open account within the statute of limitations of 1816 (Clay's Digest, 328, § 88).

2. *Proof of agency.*—The acts of an assumed agent, unaccompanied by evidence tending to show the principal's knowledge of, or assent to them, are not competent evidence to prove the agency; but, where

there is any evidence tending to show such knowledge or assent on the part of the principal, the acts of the agent are admissible, in connection with such evidence of knowledge or assent; and if the acts of the agent are of such a nature, or so continuous in their character, as to furnish in themselves a reasonable ground of inference that they must have been known to the principal, and that he would not have permitted the agent thus to act without authority, the acts themselves are competent evidence to prove the agency.

3. *Impeaching witness.*—A witness, who has been orally examined, cannot be impeached by proof of contradictory statements made by him in a deposition previously taken in the cause, without first laying the proper predicate by questions as to such previous statements.

APPEAL from the Circuit Court of Coosa.
Tried before the Hon. PORTER KING.

THIS action was brought by Hugh G. Barclay and Margaret A. Barclay, his wife, against Joseph H. Bradford; was founded on the defendant's promissory note for $326 58, dated August 18, 1842, and payable to the plaintiffs, as the administrator and administratrix of the estate of George P. Brown, deceased; and was commenced on the 7th September, 1852. The defendant pleaded, in short by consent, the general issue, payment, set-off, and the statute of limitations of six years; to which the plaintiffs filed a general replication, also in short by consent. On the trial, as the bill of exceptions shows, for the purpose of avoiding the defense of the statute of limitations, the plaintiffs introduced one Henderson as a witness, who testified to a conversation between H. G. Barclay and the defendant, in May, 1852, in which the defendant promised that, on final settlement of certain matters of account between them growing out of their joint interest in some Creek lands, "he would *pay* or *settle* the note" sued on. On cross examination of this witness, whose deposition had formerly been taken in the cause, "said deposition was presented to him, and a paragraph of the same was pointed out to him, in these words: 'Barclay mentioned a note which was due to the estate of Geo. P. Brown, deceased, and Bradford said that the note should also be *adjusted* on the final settlement'. The witness was then asked, if he did not swear to the truth of the statement contained in said deposition; to which he answered, that the word *adjusted* was used by the commissioner

in writing down his testimony; but he admitted, that the deposition was read over to him before he swore to it; and, on further examination, he said, that he could not now swear that he did not use the word adjusted when he gave his deposition,—that he considered the words *adjusted* and *settled* as synonymous, but that he was satisfied Bradford used the word *settled*, and not the word *adjusted*." The defendant afterwards offered in evidence the deposition of said Henderson, " for the purpose of showing that said witness swore differently on said examination from the testimony given by him on this trial; but the court refused to allow said deposition to be read; to which ruling of the court the defendant excepted."

The defendant also reserved several exceptions to the rulings of the court on the admissibility of evidence, which was offered by him, for the purpose of showing that Thomas Chilton and F. W. Bowdon were the agents and attorneys of the plaintiffs, and, as such agents, transacted for them business relating to the estate of said Geo. P. Brown; and that the note here sued on was given by him on a partial settlement with said Bowdon, as such agent, of the matters of account existing between him and the estate of Brown, and was not intended to be final; but the opinion of this court renders it unnecessary to state these several objections in full.

The defendant introduced evidence, under the plea of set-off, showing that H. G. Barclay had collected a judgment against one Sawyer, in which said Brown and the defendant were equally interested. The court charged the jury, that if Barclay received this money more than three years before the commencement of this action, the defendant's claim on account of it would be barred by the statute of limitations; to which charge the defendant excepted.

The several rulings of the court to which exceptions were reserved are now assigned as error.

MARTIN, BALDWIN & SAYRE, for appellant.
BYRD & MORGAN, contra.

R. W. WALKER, J.—[1.] There was evidence tending

to show, that the defendant and Brown (the plaintiffs' intestate) were equally interested in the judgment in favor of Patterson *v.* Sawyer, and that the money on this judgment had been collected by the plaintiff, H. G. Barclay. The defendant's claim on account of the money thus received was relied on as a set-off in the suit; and the court charged the jury that, if the money was received by Barclay more than three years before the commencement of this suit, defendant's claim on account of it would be barred by the statute of limitations. In this the court erred. The claim of the defendant, on account of Barclay's reception of this money, was obviously not an open account, and, therefore, not governed by the statute of limitations of three years.—Clay's Digest, 326, § 78, 328, § 88; *Mims v. Sturtevant,* 18 Ala. 359; *Caruthers & Kinkle v. Mardis.* 4 Ala. 599; *Shepherd v. Wilkins,* 1 Ala. 62; *Maury v. Mason,* 8 Porter, 230; Angell on Lim. § 69, note 4. The bill of exceptions does not purport to set out all the evidence; and the question, whether the defendant's claim for this money was a legal set-off to the demand sued on, is not before us.

[2.] Most of the other exceptions present questions as to the competency of evidence upon the question of agency. In questions of this character, it is sometimes difficult to arrive at a very satisfactory conclusion, and the legality or illegality of the evidence often depends upon slight circumstances, which are not apt to be offered in precisely the same form or connection on different trials of the same case. For this reason, we do not consider it necessary, at this time, to go into a particular examination of the exceptions which raise the questions here alluded to. It may be well, however, to state the general principles by which the competency of such evidence is to be determined. The mere acts of the assumed agent, unaccompanied by evidence tending to show the principal's knowledge of, or assent thereto, are not competent evidence to be submitted to the jury upon the question of agency. But, where there is any evidence tending to show the assent of the principal to the acts of the agent, these acts, in connection with such evidence of the principal's assent, should be allowed to go

Bradford v. Barclay and Wife.

to the jury; and if the acts of the alleged agent are of such a nature, or so continuous in their character, as to furnish in themselves any reasonable ground of inference that the principal knew of them, and would not have permitted the assumed agent thus to act in the absence of authority for so doing, the acts themselves are at least competent evidence to be submitted to the jury.—*Gimon v. Terrell*, at this term ; 2 Phill. Ev. (C. & H.'s notes, ed. 1843,) pp. 188-9 ; *Scott v. Crane*, 1 Conn. 255 ; *Moore v. Patterson*, 28 Penns. St. R. 505 (512-13); *Forsyth v. Day*, 41 Maine, 382 ; *Dow v. Perrin*, 2 Smith, (N. Y.) 325 ; *Kidd v. Cromwell*, 17 Ala. 648 (652) ; *Scarborough v. Reynolds*, 12 Ala. 259 ; *McDonald v. Br. Bk. Montgomery*, 20 Ala. 313 (317) ; *McDougald v. Dawson*, 30 Ala. 553 ; *Krebs v. O'Grady*, 23 Ala. 726 ; *Kent v. Tyson*, 20 N. H. 121 ; *Cobb v. Lunt*, 4 Greenl. 503 ; *McClung v. Spotswood*, 19 Ala. 165.

[3.] The court did not err in refusing to allow the former deposition of the witness Henderson to be read for the purpose of impeaching him. A witness, who has been orally examined, cannot be impeached by proof of contradictory statements made by him in a deposition previously taken in the same case, unless a foundation for doing so is first laid, by inquiring of the witness as to such previous statements.—*Hughes v. Wilkinson*, 35 Ala. 470-1 ; *Powell v. State*, 19 Ala. 577; *Ures v. Charlton*, 12 Gratt. 484; *Conrad v. Griffey*, 16 Howard, 38. This does not appear to have been done in this case.

For the error we have pointed out, the judgment must be reversed, and the cause remanded.

A. J. WALKER, C. J., not sitting.

NOTE BY REPORTER.—The foregoing opinion was delivered at the June term, 1861.