# Brown v. Coats.

*Statutory Attachment by Landlord, for Advances on Crop.*

1. *Contract for cultivation of crop on shares.*—A contract for the cultivation of land, between the owner and a laborer, by which it is agreed that each shall furnish a certain number of horses, and feed his own stock, and that the crop shall be divided between them, creates a tenancy in common in the crop, and not the relation of landlord and tenant between the parties.

2. *Attachment on demand not authorizing it; how objected to.*—When an attachment is not rightly sued out, the objection can only be taken by plea in abatement; and when sued out on a demand which does not authorize an attachment, a rule on the plaintiff, to show cause why the attachment should not be dissolved, is the proper mode of reaching the defect: a plea to the merits is a waiver of the objection.

3. *Claim of exemption in property attached; judgment corrected and affirmed.*—When an attachment for alleged advances is sued out by a landlord, and levied on the crops of the tenant, issue being joined on the plea of *non assumpsit*, no question can be raised by the defendant, during the trial. as to his right to claim an exemption in the attached property; and if that question is nevertheless submitted to the jury, and decided against the defendant, and the court thereupon renders judgment for the plaintiff, for the amount ascertained by the jury to be due to him, further adjudging that the property is subject to his debt, and ordering its sale by the sheriff, this court will correct it, and here render the proper judgment, at the costs of the defendant.

4. *Parol mortgage of personalty; claim of exemption.*—A verbal promise by a tenant to his landlord, from whom he has rented land to be cultivated on shares, "that everything he had, and the crop to be made, should be bound for the amount" of supplies furnished or procured for him, creates a valid parol mortgage; and against such mortgage, a claim of exemption is inoperative.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. W. L. WHITLOCK.

This action was brought by G. E. Coats, against T. C. Brown, and was commenced by a statutory attachment for advances, alleged to have been made by the plaintiff, as landlord for the defendant, to enable him to make a crop on land rented to him by the plaintiff during the year 1875. The attachment was sued out on the 25th December, 1875, before a justice of the peace, on the ground that the defendant was about to remove his crop from the premises without paying the amount due to plaintiff, which was stated to be $95.80. On a trial by jury before the justice, a verdict and judgment were rendered for the defendant. The cause being then car-

ried by the plaintiff, by appeal, into the Circuit Court, the defendant there pleaded, "in short by consent, 1st, *non assumpsit* ; 2d, that said debt was not contracted for advances to assist him in making a crop for said year; and, 3d, that he is not, and was not, the tenant of plaintiff;" and issue seems to have been joined on these pleas without objection.

On the trial, as the bill of exceptions states, the plaintiff testified, as a witness for himself, "in substance as follows: In December, 1874, I rented land to said defendant. I was to furnish him fifty acres of land, and two horses; he was to furnish one horse; each was to feed his own stock; he was to cultivate the land, and we were to *halve* and *third* the crops raised. I owned the land, and two of the horses; and the land was to be cultivated, and the crop made, during the year 1875. Some time in the spring of 1875, the defendant was in Gadsden, and told me that he needed some goods, and did not have the money, and could get no · credit; and that unless I would get such articles as he needed, he could not cultivate my land, as he had agreed to do, because he would be forced to put his sons out to work for clothing and other necessaries, or money to purchase them with. I told him, in the same conversation, that he knew he had not planted anything, and had done no work on the premises, and that I did not feel willing to stand [for him] unless I was secured. He then told me that everything he had, and the crop to be made, should be bound for the amount which I would have to pay for him. Under this express understanding, I went with him, at his request, to W. P. Hollingsworth, a merchant, and told him to let defendant have goods, to the amount of $60, and I would pay for them." He produced said Hollingsworth's account, amounting to $67.85; which was paid by him, as he testified, on the 17th December, 1875, "under this arrangement;" and which consisted of hats, shoes, calico, jeans, buttons, thread, tobacco, cups and saucers, &c., and two hoes. "The plaintiff testified, that the defendant told him, at and before the time he told said Hollingsworth to let defendant have the goods, that they were necessary to aid and assist him in the cultivation of said crop, and that the crop raised on said land should be bound therefor. To this evidence the defendant objected, as illegal and irrelevant; but the court overruled his objection, and allowed the evidence to go to the jury; to which the defendant excepted. The plaintiff testified, also, that he had furnished guano to go on the land, at the defendant's request; that the defendant said his crop should be bound for his part thereof, which was $27.03, and which was paid by plaintiff. The defendant objected to that part of said evi-

dence going to the jury, about the crop being bound; but the court overruled his objection, and he excepted. There was proof that all the rent, a part of the crop that plaintiff was to receive, had been paid to him before this suit was commenced; that the crop had been divided before this suit; that plaintiff's only claim was for the amount he had paid said Hollingsworth, and the balance due for guano as aforesaid; and that the cotton levied on was raised by defendant on plaintiff's said land during said year."

"The above was, substantially, all the evidence before the jury; and the court thereupon, of its own motion, charged the jury, among other things, that the plaintiff had a right to attach, after the crop had been divided, if the statutory grounds existed. The defendant excepted to this charge, and requested the court to give the following charges, which were in writing: '1. That under the contract between plaintiff and defendant, as detailed by plaintiff in his testimony, the relation of landlord and tenant was not created between them, and plaintiff cannot condemn the property levied on to his attachment.' '2. That the guano furnished to the defendant by the plaintiff was not, in contemplation of law, an advance to assist in the cultivation of the land.' '3. That if they believe, from the evidence, that Hollingsworth furnished the goods in the account at the request of the plaintiff, and charged the same to defendant and plaintiff, as shown in the account, that was not such a furnishing of the goods by the plaintiff as would give him a lien.' '4. That none of the articles named in Hollingsworth's account, except the hoes, are advances to assist or aid in the cultivation of the land, and there is no lien on the crop for the same.' '5. That the calico named in said account is not an advance to assist in the cultivation of the land, and is no lien on the defendant's crop.' The court refused each of these charges, and the defendant reserved a separate exception to each refusal."

The judgment entry is in the following words: "This day came the parties, by their attorneys, and issue being joined, thereupon came a jury," &c., "who, upon their oaths, do say; 'We, the jury, find the issue in favor of the plaintiff, and assess his damages at the sum of one hundred and one dollars and fifty-five cents; and we further find that the cotton, upon which the attachment was levied, is subject to sale.' It is therefore considered by the court, that the plaintiff have and recover judgment against the defendant, for the sum of one hundred and one dollars and fifty-five cents, damages by said jury so assessed, together with the costs in this behalf expended, both in this court, and in the court below. And it appearing to the court that this suit was commenced

by attachment; and that the attachment was levied, according to law, upon five thousand two hundred pounds of seed cotton, as the property of the defendant; and that the defendant replevied the same, by executing his replevy bond, with Thos. S. Rees and Norman H. McDuffie as his sureties: it is therefore ordered by the court, that the clerk of this court issue a writ of *venditioni exponas* to the sheriff of Etowah county, commanding him to sell said cotton, or so much thereof as may be necessary to satisfy this judgment; and if the said cotton is not delivered to the said sheriff, for sale, within the time prescribed by law, and the said sheriff so returns said *venditioni*, then let execution issue against said T. S. Rees and N. H. McDuffie, his sureties upon said replevy bond, as required by law."

On the day the attachment was levied on the cotton, the defendant made an affidavit before the justice of the peace, claiming it as exempt; but the record does not show that any proceedings were had before the justice, in the matter of the claim. After the rendition of the judgment above copied, at the same term, the defendant entered a motion on the docket, "to set apart to him, as exempt from the attachment in this case, all the cotton levied on, except enough to pay for the hoes mentioned in Hollingsworth's account, and the costs of this suit; and he herewith presents his affidavit, claiming the same as exempt to him, as the head of a family and a citizen of the State." On this motion the court rendered the following judgment: "It is ordered by the court, on due consideration of said motion, that the same be, and is hereby overruled, and that the plaintiff recover the costs," &c.

The errors now assigned are, the rulings of the court on the evidence to which exceptions were reserved, the charge given by the court, the refusal of the several charges asked, the judgment condemning the cotton to sale, and the overruling of the motion to declare it exempt.

JAMES AIKEN, for appellant.

STONE, J.—A fundamental error which underlies this case, and exerts a controlling influence in the determination of many of the questions presented, is a misapprehension of the relations subsisting between the parties. As the evidence discloses, they were tenants in common, not landlord and tenant.—*Smyth v. Tankersly*, 20 Ala. 212; *Thompson v. Mawhinney*, 17 Ala. 362.

2. But the question, whether the attachment was rightly sued out, was matter of abatement only, and could only be

[Brown v. Coats.]

raised by plea in abatement; and if sued out on a demand for which attachment in the particular case would not lie, the mode of reaching the defect was by a rule on the plaintiff to show cause why the attachment should not be dissolved.—*Jordan v. Hazzard*, 10 Ala. 221; *S. C.*, 12 Ala. 180; *Gill v. Downs*, 26 Ala. 670; *Van Dyke v. The State*, 24 Ala. 81; *Cain v. Mather*, 3 Porter, 224; *Roberts v. Burke*, 6 Ala. 348; *Burroughs v. Wright*, 3 Ala. 43; *Ex parte Putnam*, 20 Ala. 592. The error in resorting to attachment in this case, under section 2961 of the Revised Code as amended, could only be reached by motion to dissolve, under the authorities cited above. Plea to the merits, which we find in this record, was a waiver of that defense, and left for trial before the jury the simple question of indebtedness, and the amount of it.—Rev. Code, § 3000; *Burroughs v. Wright*, 3 Ala. 43.

3. It results from what we have said above, that no question could be considered in the court below, tried as the case was, on pleas to the merits of the action, which raised, or sought to raise, the issue of landlord and tenant, or the lien of the former for advances. Nor should the question of exemption have been brought up in the trial, or at that stage of the suit. The former had been waived, and the latter was premature. The pleas and motion which sought to raise these questions were foreign to the issue formed on the plea of *non assumpsit*, and they should have been entirely disregarded by the court.

The judgment entry in this cause contains much that should not have been adjudged. Under the pleadings, no question was properly before the court, which authorized the judgment that the property attached was subject to the debt, or that defendant could not claim it as exempt. All of the judgment entry is here vacated and annulled, except that part which sets forth the submission of the cause to the jury, the verdict rendered ascertaining the amount due, and the judgment of the court thereon, "that the plaintiff recover of the defendant said sum of one hundred and one 55-100 dollars, the damages assessed by the jury, and the costs of suit, for which execution may issue," &c.; and said judgment is here corrected and rendered accordingly.

Some rulings of the Circuit Court were not in accordance with the views above expressed; but they were immaterial, and did the defendant no injury. For such errors, we do not reverse.—1 Brick. Dig. 780, § 96.

4-5. So far as any supposed lien of the attachment is concerned, if the property replevied be restored to the sheriff, we are not prepared to say the defendant may not successfully interpose his claim of exemption, secured to residents

[Bell et al. v. Denson.]

of this State. There is another question, however, which we feel it our duty to notice. While, as we have shown above, Coats does not sustain the relation of landlord, and can assert no lien by virtue of such relation, still, if his testimony be true, the agreement of Brown with him, under which he alleges he made the advances, constitutes a valid parol mortgage, by virtue of which Coats has the right to sue and possess himself of the property mortgaged.—*Morrow v. Turney*, 35 Ala. 131. See, also, 2 Brick. Dig. 248, §§ 9, 10, 11. Against such mortgage of personal property, claim of exemption is inoperative.

Judgment reversed, and here corrected, at costs of the appellee.