# Tommey, Gregg & Beck *v.* Gamble & Son.

## *Attachment.*

1. *Oyer; when required in plea in abatement.*—A plea in abatement on account of a defect in the writ, or in the affidavit for an attachment, must crave oyer of the writ or affidavit, and set it out, else it is subject to demurrer.

2. *Affidavit to plea in abatement.*—A plea in abatement in an attachment case, on account of defects in the affidavit for the writ, is not required to be sworn to (Code, § 2989), since the affidavit is matter of record.

3. *Amendment of affidavit.*—An affidavit for an attachment, which states that the defendants "*are or will be* justly indebted," &c., may be amended by striking out the words "*or will be.*"

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. James E. Cobb.

This action was brought by the appellants, a mercantile partnership, suing as partners and individually, against the partners composing the firm of Gamble & Son, and was commenced by an original attachment, sued out before the clerk of said court, on the 19th December, 1878. The affidavit for the attachment stated, "that said G. M. Gamble & Son, a partnership doing business in said name, and composed of G. M. Gamble and W. A. Gamble, are or will be justly indebted to said Tommey, Gregg & Beck in the sum of $146.23," &c. The defendants filed pleas in abatement, which are described as three in number, but are not so numbered, being as follows: "Now come the defendants in their own proper persons, and for plea say, that said attachment ought to be

quashed and dismissed, because they say that said attachment was sued out without any sufficient affidavit authorizing the issuance of said attachment as provided by law. And the defendants, for further plea in this behalf, leave of the court having been first had and obtained, pray oyer of the affidavit made in the said cause to obtain the said attachment, which, being read, is in the words and figures as follows. (Here set out the affidavit.) And said defendants aver, that said affidavit is insufficient, because it fails to state what part of the debt from defendant to plaintiff is due, and what part will be due, but merely states that said defendants 'are or will be justly indebted;' because they say, if any part of the debt is due, and any part not due, before an attachment can issue, the affidavit must disclose what part is due, and what part is not due, and when it will be due; and because the affidavit fails to swear to the debt as required by law. Wherefore, said defendants pray judgment, and that said attachment be quashed and abated." Following these pleas, as set out in the transcript, is an affidavit, subscribed before the clerk, "that the pleas in abatement filed by said defendants, numbering from one to three inclusive, are true," &c.; and then follows another plea, entitled *"Plea No. 2,"* in these words: "And now come the defendants in their own proper persons, and crave oyer of the affidavit for the issuance of the attachment; and said affidavit, being exhibited to them, is in the words and figures following," setting it out. "And said defendants aver, that said affidavit, so made in said cause, and upon which said attachment was issued, fails to show what part of the debt claimed of the defendants is due, and what part will be due after the filing of said affidavit and the issuance of said attachment; and that the time when said debt will afterwards be due is not set out in said affidavit. Wherefore, said defendants pray judgment, and that said attachment be quashed and abated." An affidavit of the truth of this plea, subscribed before the clerk, is annexed to it.

To these pleas the plaintiffs demurred, and assigned the following grounds, "in short by consent: 1. Plaintiffs demur to each of said pleas, because no sufficient grounds appear in the matters alleged therein to sustain said pleas. 2. Plaintiffs further demur to each of said pleas, because they fail to set out the individual names of plaintiffs' firm, and vary from the affidavit, bond and attachment, and complaint on file. 3. Plaintiffs further demur to the first of said pleas, because it does not crave oyer and set out the affidavit for the attachment. 4. Plaintiffs demur to the second of defendants' pleas, because it craves oyer, and does not set out the affidavit for

the attachment. 5. Plaintiffs demur to the third, numbered two, because it craves oyer, and sets out the affidavit, and prays that the attachment be quashed, without setting out the writ of attachment, or craving oyer of the attachment. 6. Plaintiffs further demur to the first of said pleas, because it is not sworn to as required by law. 7. For further demurrer to the third of defendants' pleas, No. 2, plaintiffs say that said plea is bad, because it discloses a sufficient affidavit upon which an attachment might issue." The court overruled the demurrer, "and issue being joined by plaintiff on the plea in abatement," as the judgment-entry recites, "the said plea is by the court sustained, and the attachment quashed."

"On the trial," as the bill of exceptions states, "the court having sustained the pleas in abatement, numbered from one to —, inclusive, quashing the attachment in said cause, the plaintiffs moved the court to amend the affidavit for the attachment, by striking out the words 'or will be,' where they occur in the affidavit, so that it would read 'are justly indebted,' &c.; which motion was overruled and refused by the court, and the plaintiffs excepted."

The refusal of the motion to amend, and the rulings on the pleadings, as above stated, are now assigned as error.

W. P. PINCKARD, for appellants.

SOMERVILLE, J.—Whatever may have been the rule of the common law, the practice has long been settled in this State, that where defects in a writ are presented by plea in abatement, the defendant must crave oyer of such writ, and set it out in his plea. And defects in the attachment, bond or affidavit may, under the provisions of the statute, be reached in the same way.—Code of 1876, § 3314; *Banks v. Lewis*, 4 Ala. 599. Where this practice is not followed, the plea in abatement is bad, and subject to demurrer on that ground.—*Findlay v. Pruitt*, 9 Port. 195; *Garner v. Johnson*, 22 Ala. 494. The Circuit Court erred, for these reasons, in not sustaining the plaintiffs' demurrer to the 2d and 3d pleas of the defendants.

Where a plea in abatement is based upon some defect which is matter of record, it need not be verified by affidavit. Code (1876), § 2989. The affidavit in the attachment proceedings is unquestionably a part of the record; and the first plea, presenting its alleged want of conformity to the statute, required no oath to support it.—Drake on Attachments, § 90.

The court below erred in refusing to allow the plaintiffs to amend the defect in the affidavit. The affidavit read, "*are or will be* justly indebted," &c. It was permissible to strike

out the words "*or will be*," so as to make it read "are·justly indebted," &c.   This was a defect of *form*, and not of substance, and was, therefore, subject to amendment under the provisions of section 3315 of the Code (1876), which is required.to be "liberally construed, to advance the manifest intent of the law."   It was said by this court in *Sims v. Jacobson*, 51 Ala. 186, that "the matters of *substance* in an affidavit for an attachment are, the existence of *a debt*, its amount, and that it is *justly owing* from the defendant to the plaintiff; that some *one of the causes* for which an attachment may issue exists ; and a negative of a purpose to  *vex or harass* the defendant.   All else than these is mere matter of *form*.   A *misstatement* of the amount or character of the debt, or a *misdescription* of the plaintiff or defendant, would be, within the meaning of the statute, a matter of form, not of substance." This view is fortified by the fact that the statute authorizes the issue of an atachment to enforce the collection of a debt, "*whether it be due or not*, at the time the attachment is taken out."—Code, § 3262.

Reversed and remanded.