# Richards *v.* Bestor.

## *Attachment for Rent.*

1. *Suspension of trial pending claim suit.*—In an attachment suit, if a statutory claim is interposed to the property levied on, no judgment can be rendered until the claim suit is ended (Code, § 3000); but the interposition of a claim to only a part of the property levied on, does not require a suspension of the trial.

2. *Amendment of affidavit.*—An affidavit for attachment may be amended in matter of substance (Code, §§ 2998, 3073), when the writ is sued out to enforce a landlord's lien for rent, as well as in other cases.

3. *Plea in abatement; craving oyer.*—A plea in abatement to an attachment, and to the affidavit on which it is founded, must crave oyer of them, and set them out.

4. *General objection to evidence; variance.*—A general objection to evidence offered is sufficient, when it is on its face irrelevant or illegal, but not when a reference to extrinsic facts is necessary to show its illegality; as, in an action to recover rent reserved by a written lease, a general objection to the admission of the lease as evidence is not sufficient to exclude it, although there may be a variance between it and the complaint in the description of the premises.

5. *Stipulation in lease for payment of attorney's fees.*—When a lease contains a stipulation that the lessees "shall be taxed with attorney's fees, in the event of the employment of an attorney by the lessor on account of the violation of any of the conditions of the lease by them," the lessor may recover a reasonable attorney's fee in an action for the rent commenced by attachment, the same being specially claimed in the complaint.

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

TIPTON BRADFORD, for appellants.

WARD & JOHN, *contra.*

CLOPTON, J.—This suit was commenced by attachment sued out under sections 3069–3073 of the Code, to enforce a landlord's lien for rent of a store-house. A portion of the goods levied on having been claimed by a third person, defendants objected to proceeding with the trial, until the question of the right of property was settled. Goods had been levied on to which no claim had been interposed. The statute declares: "No judgment can be rendered against the defendant in attachment, when a claim has been interposed to try the right of property, until that question is settled; unless other prop-

erty or effects of the defendant be attached or garnished, about
which no contest has arisen." The court did not err in requir-
ing defendant to proceed with the trial.—Code, § 3000.

Plaintiff was permitted, against the objection of the defend-
ant, to amend the affidavit on which the attachment was ob-
tained, in matter of substance. Section 2928, which re-
lates to attachment suits in general, provides : "The attach-
ment law must be liberally construed to advance the manifest
intent of the law; and the plaintiff, before or during the trial,
must be permitted to amend any defect of form or substance
in the affidavit, bond or attachment." And section 3073 de-
clares: "The law governing the issue, levy, trial and other
proceedings in attachment suits in general, not inconsistent
with the provisions of this article, shall govern in all cases
arising under this article." The right of the plaintiff to amend
the affidavit is manifest from a comparison of these sections.

The demurrer to the plea in abatement was properly sus-
tained, for the reason that the affidavit, as amended, substan-
tially conformed to the statutory requirements; and for the
further reason, that defendants did not crave *oyer* of the affi-
davit and writ of attachment, and set them out in the plea.
*Tommey v. Gamble*, 66 Ala. 469.

The objection of defendants to the introduction in evidence
of the lease was general, no ground of objection having been
stated. The specific objection now urged is, a variance be-
tween the complaint and the lease, as to the description of the
locality of the store. A general objection is sufficient, when
the evidence offered is, upon its face, illegal or irrelevant.
*Pool v. Davis*, 36 Ala. 672. But, when its illegality or incom-
petency appears only by reference to some extrinsic fact, the
ground of objection should be stated. As the variance could
only be shown by a comparison of the pleadings and the
lease, the mind of the court should have been directed to it by
a specific objection. The court is not bound to institute a
search for the ground of objection resting in the mind of
the counsel; and if the party objecting does not particularize,
the objection may with propriety be disregarded. Had it been
stated, an amendment of the pleadings, if necessary to obviate
it, could have been made.—*Dryer v. Lewis*, 57 Ala. 551;
*Steele v. Tutwiler, Ib.* 113; *Lecroy v. Wiggins*, 31 Ala. 13.

The lease contained a stipulation, that the defendants should
"be taxed with attorney's fees, in the event of the employ-
ment of an attorney on account of the violation of any of the
conditions of the lease by them." Under this stipulation,
plaintiff was entitled to recover reasonable attorney's fees,
which are regarded as part consideration for the rent. The

23

[Hoffman v. White.]

collection of the same may be enforced in the attachment suit.—*Johnson v. Durner*, 7 So. Rep. 245; 88 Ala. 580.

Affirmed.