# ROBERTS v. BURKE.

1. Where a suit is commenced by attachment, the attachment is the initiatory process in the cause, and the defendant cannot, by demurring, bring its defects to the view of the court, or avail himself of a variance between it and the declaration; consequently a revising court will not look behind the declaration to ascertain whether the suit is brought for a less sum than the primary court could take jurisdiction of, unless the question was there regularly presented.

WRIT of error to the Circuit Court of Wilcox.

In January, 1842, the defendant in error caused an attachment to be issued by a justice of the peace of Wilcox, for the sum of thirty-seven 90-100 dollars against the estate of the plaintiff's, returnable to the circuit court. The declaration is for goods, wares and merchandize sold and delivered; work and labor done; money lent and advanced, &c.; money had and received; and an account stated. For each of these causes, the declaration charges an indebtedness of thirty-seven 90-100 dollars. The defendant demurred to the attachment and declaration, and his demurrer being overruled, he pleaded payment, non-assumpsit, and the statute of limitations. On these pleas, issues were joined, which were tried by a jury, who returned a verdict in favor of the plaintiff for the sum of forty-seven 74-100 dollars, and a judgment was rendered accordingly.

SELLERS, for the plaintiff in error.
DEAR, for the defendant.

COLLIER, C. J.—It is a settled principle in this court, that the defendant cannot, by a demurrer, object to the writ or initiatory process in a cause, whether the action be commenced by a *capias* or summons against the person, or an attachment against his estate. The demurrer, then, did not bring before the court the attachment in the present case, and the declaration being unquestionably good, it was properly overruled.

The statute of 1807 enacts, "If any suit shall be commenced in any court for a less sum than such court can legally take cog-

Roberts v. Burke.

nizance of, or if any person shall demand a greater sum than is due, on purpose to evade this act, in either case, the plaintiff shall be non-suited, and pay costs: *Provided always,* that if the plaintiff, or any other person for him, will make an affidavit (to be filed in the clerk's office,) that the sum for which the suit shall be brought, is really due, but that want of proof, or that the time limited for the recovery of any article, bars a recovery, in that case, such plaintiff shall have a verdict and judgment for what appears to be legally proved, any thing to the contrary notwithstanding." In Cummings v. Edmundson, adm'r, [5 Porter's Rep. 145,] this court say the act cited "contemplates two distinct classes of cases, in one of which the court trying the cause has no discretion, but must non-suit the plaintiff; but in the other, it is not made obligatory so to proceed, unless it shall appear that a sum is demanded beyond what is due, *on purpose to evade the act."* In the case before us, the attachment and affidavit claim a less sum than the circuit court could legally take cognizance of; the defendant might, for this cause, have moved to non-suit the plaintiff, or the court of its own motion might have caused such a judgment to be entered. But it was competent for the defendant to waive all defects in the original process, or to dispense with it entirely; and such we think was the legal effect of the demurrer and pleas to the declaration. The attachment, then, being placed out of view, the several sums, expressed in the declaration, were sufficient in the aggregate to give the court jurisdiction, and prevent a non-suit under the statute.

This conclusion is not opposed by the familiar principle, that consent cannot give jurisdiction. That question does not arise in the posture in which this case is presented. The declaration we have seen, is unobjectionable, and by demurring, the defendant made it impossible for this court to look to the attachment.

The judgment must, therefore, be affirmed.