# Mecklin v. Deming.

## Action of Trover.

111  159
f127  356

1. *Misjoinder of actions; trover and trespass.*—The actions of trover and trespass, being upon different rights and grounds, and open to different defenses, and the measure of damages being different in each action, they can not be joined in the same complaint.

2. *Pleading and practice; court has discretion to allow demurrers interposed to complaint after pleas filed.*—It is within the discretion of the trial court to entertain a demurrer to the complaint for misjoinder of causes of action, after pleas setting up defenses have been filed.

3. *Trover; priority of mortgage and rent lien*—Where after the sale of land, a part of the purchase-money remaining unpaid, the purchaser while in possession executes a mortgage on the crop to be grown on the land during the then current year to secure advances, and subsequent to the execution of such mortgage and its filing for record, the mortgagor and vendee reconveys the land to the vendor in payment of the purchase-money due, who at once leases it to the former vendee, the mortgagee of the crops has a lien on the crops grown on said land, during the current year. prior to the lien of the landlord of his mortgagor; and the landlord can not maintain trover against such mortgagee because of his taking possession and converting to his own use, in payment of the mortgage debt, a part of the crop raised on said land during said year.

4. *Appeals; reference to transcript when abstract filed.*—Under the rules of practice in the Supreme Court in reference thereto, the transcript will not be examined on appeals to determine the correctness of matters proper to be stated in the abstract, unless the court is referred thereto by a counter abstract, challenging the correctness of appellant's abstract in specified particulars.

[Mecklin v. Deming.]

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. JOHN R. TYSON.

This action was brought on September 15, 1894, by the appellant, Mrs. G. A. Mecklin, against the appellees, C. P. Deming and Dumas, Waters & Co.

The complaint contained two counts, which were as follows: 1. "The plaintiff claims of the defendants one hundred and fifty dollars damages for the conversion by them on or about the 10th day of November, 1893, of the following chattels, towit: three bales of lint cotton, the property of the plaintiff.

2. "The plaintiff claims of the defendants one hundred and fifty dollars, damages for wrongfully taking the following goods and chattels, towit: three bales of lint cotton, the property of the plaintiff."

On October 11, 1894, the defendants filed two pleas. The first was the general issue, and the second was as follows: "For further answer to the complaint of plaintiff, defendants say that at the time these three bales of cotton were alleged to have been converted or wrongfully taken, the said plaintiff had no title to the said three bales of cotton and no property therein."

Subsequently, at the fall term, 1895, the defendants demurred to the plaintiff's complaint, on the ground that there was a misjoinder of counts, in that the first count stated an action of trover, and the second count stated an action of trespass. This demurrer was sustained by the court, and the plaintiff amended her complaint by striking out the second count thereof, and issue was joined upon the pleas filed thereto.

The facts relating to the priority of the claims of the plaintiff and the defendants, respectively, are stated in the opinion. It was shown that after the agent of the plaintiff took possession of the cotton sued for, it was sent for her to the defendants, Dumas, Waters & Co. at Mobile, and while in their possession the defendant, C. P. Deming took the cotton.

Upon the introduction of all the evidence, the court, at the request of the defendants, gave to the jury the following written charge: "The court charges the jury that if they believe the evidence in this case, they must find for the defendants."

There were verdict and judgment for the defendants. The plaintiff appeals, and assigns as error the sustain-

[Mecklin v. Deming.]

ing of the defendants' demurrer to the plaintiff's com-
plaint, and the giving of the general charge in favor of
the defendants.

 J. F JONES, for appellant.—1.  The demurrer in this
case was filed long after the plea to the merits had
been interposed, and should not have been considered
unless the plea had been withdrawn, which was not
done.—*Renfro v. Willis*, 67 Ala. 488; *Bean v. Chapman*,
62 Ala. 58.
2.  The land upon which the cotton in controversy
was grown, was re-conveyed to plaintiff before the crop
was planted, and the reversion carries with it the rent,
unless reserved, which was not done in this case, so
plaintiff's 'deed would unquestionably hold the cotton
over the mortgagee.—*English v. Key*, 39 Ala. 113; *West-
moreland v. Foster*, 60 Ala. 448; Code of 1886, § 3056;
*Brown v. Hamil*, 76 Ala. 506.  After Mrs. Mecklin had
taken the cotton into possession peaceably, which was
done while it was in the seed, in payment of the rent
and advances, her title was as perfect and complete as
it could be made, and when taken by defendants forcibly
after it had been shipped by her to Mobile, trover would
lie.

 FARNHAM & CRUM, *contra*.—1.  The actions of tres-
pass and trover can not be joined in the same complaint.
*Cooper v. Bissell*, 16 Johns. 146; *Crenshaw v. Moore*, 10
Ga. 384; 1 Chitty on Pleadings, p. 222.  By statute in
this State, it is provided, that all actions *ex contractu* may
be joined.—Code, § 2672.  But there is no such provision
as to actions *ex delicto;* the only provision being that
actions of trespass and trespass on the case, might be
joined when they relate to the same subject matter.—
Code, § 2673.  But this was only by virtue of the statute.
*Sheppard v. Furniss*, 19 Ala. 760; *Bell v. Troy*, 35 Ala.
184.
2.  This is not such a case in which rent follows the
reversion, and no such proposition is involved here.  As
stated, appellant bases her right to recover by reasons
of a lien, as landlord.  Trial was had upon the count in
trover, and the pleas thereto.  This court has uniformly
held that such a lien or right will not support the action
of trover.—*Folmar v. Copeland*, 57 Ala. 588; *Corbitt v.*

[Mecklin v. Deming.]

*Reynolds*, 68 Ala. 378; *Evington v. Smith*, 66 Ala. 398; *Street v. Nelson*, 80 Ala. 230; 3 Brick. Dig. 779, § 5.

McCLELLAN, J.—The actions of trover and trespass proceed upon different rights and grounds, are open to different and dissimilar defenses, and the measure of damages under each is not the same. They, therefore, can not be joined in one complaint.—*Cooper v. Bissell*, 16 Johns. (N. Y.) 146.

It was within the discretion of the trial court to entertain a demurrer to the complaint for misjoinder of causes of action after plea filed. Besides no objection to this course was made at the time, nor at all in the court below.

The facts bearing upon the question of priority as between the mortgage lien of Deming and the rent lien of Mrs. Mecklin are in substance the following: On and prior to January 24, 1893, Johnson and Burnett were in possession of a tract of land under a deed executed to them by Mrs. Mecklin, but they had not paid the purchase money which was a charge on the land. On the day named they executed to Deming a mortgage on the crops to be grown by them on the land during the current year to secure advances to be, and which were, made by him to them. This mortgage was recorded February 1, 1893. The cotton constituting the subject matter of this suit was a part of the crop so grown by them. On March 13, 1893, Johnson and Burnett, finding that they could not pay Mrs. Mecklin for the land, executed a deed conveying it back to her. Immediately after this transaction, Mrs. Mecklin rented the land to Johnson and Burnett for the year 1893; and in the fall of the year she "got from them a lot of seed cotton which she hauled to a public gin, where it was ginned and packed into" the three bales for a conversion of which by the defendants this suit is prosecuted. On these facts, it is our opinion that the lien of Deming's mortgage on these bales of cotton, part of the crop grown on that land in 1893, is superior to Mrs. Mecklin's lien for rent. Johnson and Burnett were the owners of the land when the mortgage was executed. They might then have executed to Deming a mortgage on the land itself which would have been good against Mrs. Mecklin's subsequent purchase from them. This mortgage was executed after

the first of January of the year in which the crops were to be grown. It, therefore, passed the legal title to such crops.—Acts 1888–89, p. 45. It was recorded prior to March 13, 1893, when Mrs. Mecklin purchased the land from Johnson and Burnett, and she, therefore, had notice of it when she rented the land to them. She must be held to have purchased the land subject to or incumbered by this interest or right of Deming in respect of any crops which might be grown on it by Johnson and Burnett that year. As between them and Mrs. Mecklin, the title to the crops was all along in them, subject to her lien for rent. The title having passed out of them and into Deming, before Mrs. Mecklin acquired the land from them, before the relation of landlord and tenant was established between her and them, and before the inception of the rent lien, there was nothing for the lien to take effect upon except Johnson and Burnett's equity in the crops; their right to the crops after satisfaction of Deming's mortgage. Hence, our conclusion that the mortgage lien had priority to and preference over the lien for rent. And it follows that whether Mrs. Mecklin had acquired possession of the cotton in such way and for such purpose as to authorize her in ordinary cases to maintain trover on her lien and possession for a subsequent conversion of it, or not, she, having no right to the cotton as against Deming, can not recover against him or his agents in this action.

It is said in the brief of appellant's counsel that the mortgage itself shows that only Burnett executed it. This fact might be very important here if it were shown by the abstract. To the contrary, the abstract shows that it was executed by both Johnson and Burnett, or, at least, that Deming so testified without objection. The mortgage is not set out in the abstract, but we are there referred to the transcript for it, thus: "(See page 8 of record.)" The case must, however, be determined here on the abstract itself: we will not look to the transcript (except as to matters not within the rule as to abstracts) unless we are referred thereto by a counter abstract, challenging the correctness of appellant's abstract in specified particulars,—*O'Neal v. Simonton*, 109 Ala. 167.

The circuit court properly gave the affirmative charge for the defendants, and its judgment is affirmed.