# British & American Mortgage Co., Limited *v.* Cody.

## *Statutory Trial of the Right of Property.*

1. *Landlord liens; superiority over that of mortgage of tenants.*
   One who takes a mortgage upon a crop to be planted or growing on lands in possession of the mortgagor, without any notice that the mortgagor is or may become a tenant as to such crops by the terms of a contract of sale under which he acquired possession of the lands and the right to plant and grow a crop thereon, is not an innocent purchaser in the sense that his mortgage lien is superior to the lien of the vendor who under the terms of the contract of sale had become the landlord of such mortgagor (Code, § 2703), there being no question of waiver or estoppel.

[British & American Mortgage Co. Limited, v. Cody.]

2. *Admissibility of parol evidence to vary or contradict writing; rule applies only to parties and privies.*—The rule forbidding the introduction of parol evidence to vary or contradict writing, applies only to parties and their privies; and, therefore, strangers to the writing who have not assented to the truth of its statements, or that it should be a memorial of facts admitted to exist, are not bound by such writing, and may, whenever it is introduced to affect their rights, contradict it by parol testimony.

3. *Claim suit; agency; admissibility of evidence as to power of general agent to change written contract.*—In the statutory trial of the right of property, where the plaintiff bases his right to the property involved in the controversy upon a contract of sale whereby it was stipulated that if the defendant in the original suit failed to pay any one of the deferred payments the land sold should revert to and vest in the plaintiff at once, without any right in the purchaser to have compensation for improvements made on said land, and that after such failure to make the payment said purchaser should be a tenant of the plaintiff, and the claimant claims title to the property by reason of a mortgage executed by the defendant who was the purchaser in possession under said contract of sale, testimony of the defendant who was such purchaser, that after the execution of said contract, one who was the general agent of the plaintiff told him to make the improvements which were shown to be necessary and the plaintiff would allow him a credit on the rents in the event he failed to make the payments on the purchase money, is admissible.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. J. C. RICHARDSON.

The appellant, the British & American Mortgage Company, brought a suit against one M. J. Barnes to recover an amount alleged to be due from said Barnes to the plaintiff for rent, and sued out an ancillary writ of atachment. This attachment was levied upon the corn and cotton which was on the lands, the possession of which had been turned over to Barnes under a contract of sale and for the use of which the rent was sought to be reserved. Upon the levy of the attachment upon said crops, the appellee, J. M. Cody, interposed a claim thereto and instituted, as provided by the statute,

a statutory trial of the right of property to the crops
so levied upon. The facts of the case are sufficiently
stated in the opinion.

There were verdict and judgment for the claimant.
The plaintiff appeals, and assigns as error the several
rulings of the trial court upon the evidence to which ex-
ceptions were reserved, and the refusal of the trial court
to give the general affirmative charge requested by it.

RUSHTON & POWELL, for appellant.—The court erred
in allowing the witness Barnes to testify to the agree-
ment made between him and the agent of the plaintiff,
such testimony being in direct conflict with the express
provisions of the contract which was executed by said
witness Barnes.—*Couch v. Woodruff*, 63 Ala. 466;
*Green v. Casey*, 70 Ala. 417; *Day v, Thompson*, 65 Ala.
269; *Avery v. Miller*, 86 Ala. 495; *Drennen v. Satter-
field*, 119 Ala. 84.

The general affirmative charge requested by plaintiff
should have been given. The property when levied on was
on the rented premises, and no question as to appellee
being an innocent purchaser was involved. This court
has already construed a contract similar to the one
in this case, and held that on failure of the vendee to
pay the purchase money the relation of landlord and
tenant existed, and that the mortgagee of the crops was
not an innocent purchaser, but that the landlord's lien
was paramount.—*Waite v. Corbin*, 109 Ala. 154.

B. R. BRICKEN, F. B. BRICKEN and C. E. HAMILTON,
*contra.*—The rule which forbids the introduction of
parol evidence to vary or contradict writings, applies
only to parties or privies. This being true, the appellee
in the court below was not bound by the contract, and
he had the right to offer evidence to contradict it, and
the court, therefore, committed no error in allowing
such evidence.—*Lehman v. Howze*, 73 Ala. 302; *Hol-
lins v. Kimbrough*, 52 Ala. 249; *Cunningham v. Milner*,
56 Ala. 522.

HARALSON, J.—Trial of the right of property.

In a case of this character the plaintiff ·must first make out a *prima· face case* of liability of the property levied on to· his execution or attachment, which he may do by proving that the goods were in the possession and control of defendant at the time of the levy, and when he has done this, the burden is cast on the claimant to show title in himself (*Foster v. Goodwin,* 82 Ala. 384; *Ross v. Lawson,* 105 Ala. 553; 4 Mayfield's Dig., 980, § 113b) ; or, under the present statute, that he has a lien upon or an equitable title to the property.—Code, § 4111; *Ballard v. Patapsco G. Co.,* 107 Ala. 710; *Wells v. Cody,* 112 Ala. 278.

The plaintiff proved his *prima facie* case by the sheriff, who swore that he levied the attachment upon the property claimed in the suit, while it was on the place cultivated by defendant, Barnes, in the year 1898, and was a part of the crop raised by defendant on the place during that year. He also testified to the value of the property levied on. On this proof, he was entitled to recover, unless the claimant, on whom the burden was thus shifted, proved his claim to the property levied on to be superior to plaintiff's, which he attempted to show.

The facts developed on the trial showed that on the 6th of September, 1897, the plaintiff entered into a written contract of sale of certain lands, on which the crops levied on were raised in 1898, to one M. J. Barnes. The purchase money, besides $45 which was paid in cash, was payable on the 1st October of each year for four years, for which the notes of the purchaser were executed to the plaintiff. The contract contained the following, among other provisions: "In case the said second party [Barnes] shall fail to make the payments aforesaid, or any of them, punctually and upon strict terms and at the times above limited, and likewise to perform and complete all and each of the agreements and stipulations aforesaid, strictly and literally, without any failure or default, time being of the essence of this contract, then this contract, from the date of

40

such default, [shall] be null and void, and all rights and interests hereby created or then existing in favor of said second party [Barnes], his heirs or assigns, or derived under this contract, shall utterly cease and determine, and the premises hereby contracted shall revert to and vest in the said first party [the plaintiff], its successors or assigns, without any declaration of forfeiture or act of re-entry, or without any other act by said first party to be performed, and without any right in said second party of reclamation or compensation for moneys paid or improvements made, as absolutely, fully and perfectly as if this contract had never been made. And it is hereby further covenanted and agreed by and between the parties hereto, that immediately upon the failure to pay any of the notes above described, all previous payments shall be forfeited to the party of the first part, and the relation of landlord and tenant shall arise between the parties hereto, for one year, from January 1st immediately preceding the date of said default, and the party of the second part shall pay rent, at the rate of ($35) thirty-five dollars for occupying the premises from said January 1st, to the time of default, such rent to be due and collectible immediately upon such default," etc.

The testimony shows that Barnes failed to make the first payment due 1st of October, 1898, and that he made the crops levied on, on the place during that year. The plaintiff, as landlord, sued out an attachment and the same was levied on the property involved as a part of the crop so raised on said place, in order to recover the $35 rent, which, by the terms of the contract, defendant, Barnes, as tenant, agreed to pay, in case he made default in the payment of any of said purchase money notes.

The claimant, J. M. Cody, the appellee, claimed title to the property so levied on, by reason of a mortgage executed by the defendant, Barnes, to him, on the 17th March, 1898, on the crops in question, to secure advances made by him to said Barnes to enable him to make the crop cultivated by him in 1898, on said farm,

which mortgage was, on the day of its execution, duly acknowledged and recorded in the probate office of the county.

The case of *Waite v. Corbin*, 19 So. Rep. 505, s. c. 109 Ala. 154, was one like the present case in its essential features. The report of the case in 19 So. Rep. shows that the contract was one for the sale of the premises, and if the purchaser should fail to pay the purchase money notes as they fell due, the sale was, at the option of the seller, to be treated as null, and the purchaser should become the tenant of the seller for the year in which the default occurred, and pay $300 as rent for the land for that year. Fails, LaFils & Co. advanced to Walker to enable him to make a crop during the year in which he made default, and took a mortgage to secure the sum advanced. They set up that they had no knowledge of the contract of sale when they took their mortgage. It was held that one who takes a mortgage on crops to be planted or growing on lands in the possession of the mortgagor, without any notice that the mortgagor is or may become a tenant as to the crops by the terms of the contract under which he acquired possession of the land, with the right to plant and grow the crop, is not an innocent purchaser in the sense that his mortgage lien is superior to that of the landlord (Code, § 2703, (3056) ), there being no question of waiver or estoppel. This case is decisive of the present one, unless, as contended, the plaintiff waived his lien in favor of the claimant.

The evidence for the plaintiff tended to show that the plaintiff company resided and had its office in the city of New York, and transacted its business in this State through its agents; that M. W. Rushton was the agent of the plaintiff, and, as such, conducted and made the contract of sale with Barnes. Barnes, examined by plaintiff, testified on his cross-examination, that he had a talk with Rushton, before he signed the contract, concerning giving him, Barnes, credit *on rents* for any improvements witness should make after entering into the contract, and Rushton told him to sign the contract and he

would make the company fix that all right. This evidence the plaintiff objected to, on grounds that it varied the written contract; because it was not shown that Rushton had the authority to make such an agreement with plaintiff, and because it was illegal. The court overruled the objections and plaintiff excepted.

As between the plaintiff and Barnes, if the litigation had been between them, the evidence would have been inadmissibe.—*Drennen v.Satterfield,* 119 Ala. 85. The rule, however, which forbids the introduction of evidence to vary or contradict writings, applies only to parties or privies. "Strangers to the writing, who have not assented to the truth of its statements, or that it should be a memorial of facts admitted to exist, are not bound by it, and may, whenever it is introduced to affect their rights, contradict it by parol."—*Lehman v. Howze,* 73 Ala. 303; *Robinson v. Moseley,* 93 Ala. 70; *Coleman v. Pike County,* 83 Ala. 326; *Venable v. Thompson,* 11 'Ala. 147. There was no error in the admission of this evidence.

On further cross-examination of this witness for plaintiff, he testified without objection, that one Ryder was the general agent of the plaintiff; that in the Spring of 1898, and after the execution of said contract, Ryder, being such general agent, came to see witness during his, Ryder's, annual visit to Crenshaw county; that witness pointed out and told Ryder of certain improvements that were necessary to the house and place, and told him that witness could not afford to make these improvements, and lose the value of them, if he failed to make his payments on the purchase money, or should give up the place to plaintiff; that Ryder told witness if he would go on and make these improvements, and should fail to pay the purchase money, or should give up the place, that for the value of such improvements the plaintiff would allow him as a credit on the rents.

That Ryder was the general agent of the plaintiff in and about such matters as are here involved, the evidence, as stated, without conflict, shows. A general agent

is one employed to transact all of the business of his principal of a particular kind, or in a particular place; and the powers of such agent are *prima facie* co-extensive with the business entrusted to his care, and cannot be narrowed, even, by secret instructions or limitations not communicated to the persons with whom he deals. *Syndicate Ins. Co. v. Catchings*, 104 Ala. 176. The proof having shown that this party was the general agent of plaintiff, and his conduct in managing the affairs of the company in Alabama, we are unable to hold that the court erred in the admission of the evidence, as tending to show that he had the power to give the permission to defendant to make the improvements referred to, which exceeded the amount of rent claimed. Under the evidence, the agency of Ryder was not attempted to be established either by his own representations or by his assuming to exercise it, nor by rumor of general reputation, but by the uncontradicted evidence of Barnes—a witness for plaintiff—introduced, without objection, that he was plaintiff's general agent, and what, as such, he did; and this evidence was proper to be submitted to the jury, under proper instructions from the court, for the purpose of establishing the agency, its nature and extent.—Mechem on Agency, §§ 106, 276; *Buist v. Guice*, 96 Ala. 255; *Postal Tel. Co. v. Lenoir*, 107 Ala. 643; *L. & L. Ins. Co. v. Tillis*, 110 Ala. 201.

No error appearing, either in the admission of evidence or in refusing to give the general affirmative charge for plaintiff, the judgment below is affirmed.