# Wigs Bros., *v.* Ringemann

## *Trial of Right of Property.*

(Decided Dec. 19, 1907.  45 So. Rep. 153.)

1. *Attachment; Trial of Right of Property.*—The claimant may defeat plaintiff in attachment by showing that the original attachment was void, but cannot raise objections to mere irregularities in the proceedings under which the attachment was issued.

2. *Trover; Gist of Action.*—Trover is the conversion of the property to the use of the person converting it, and when that is alleged the action is trover, and allegations as to how the property was acquired by the person converting it will be treated as inducements or surplusage

3. *Attachment; Issuance; Affidavit.*—Under sections 524 and 529, Code 1896, an affidavit which simply shows that defendant unlawfully seized and carried away lumber and converted it to his own use, but fails to show that the attachment was sought for damages for breach of contract or in an action sounding in damages, is not sufficient to support the issuance of an attachment by a chancellor.

APPEAL from Morgan Circuit Court.

Heard before Hon. W. R. FRANCIS, Special Judge.

Statutory trial of the right of property by Emma S. Ringemann against Wiggs Bros.  From a judgment for claimant, defendants appeal.  Affirmed.

ERLE PETTUS, and MARVIN WEST, for appellants.  The writ of attachment in this case is not void but may be amended so as to state a case coming under a different subdivision.—*Dittman Boot & Shoe Co. v. Mixon,* 120 Ala. 206.  Where the claimant interposes a claim under section 4141 of the Code of 1896, the lack of authority in the Chancellor cannot affect claimant's right in the case, and she cannot take advantage thereof since the sole purpose of the statute is to try the right of property in the attached goods, and she is not entitled to judgment because the writ is void.—*Pollak v. Graves,* 72 Ala. 247.

CALLAHAN & HARRIS, for appellee. No brief came to the Reporter.

SIMPSON, J.—This was a statutory trial of the right of property, instituted by the appellee, who claimed certain property which had been levied on under an attachment sued out by the appellant against the Rodman-Ringemann Company. The writ of attachment was issued by the chancellor, the affidavits on the original attachment were produced in evidence, and the court gave the general affirmative charge in favor of the claimant. The only points insisted upon in the argument of counsel for appellant are, first, that in this action the claimant could not raise the objection to the validity of the attachment, on the ground that the chancellor had no authority under the statute to issue it; and, second, the attachment in this case was not void.

It has been definitely settled by our decisions that, while the claimant cannot raise any objection to mere irregularities in the proceedings under which the attachment writ was issued, yet he can defeat the plaintiff in the trial of the right of property, by showing that the original attachment was not merely voidable but void.— *Jackson v. Bain,* 74 Ala. 328, 330; *Nordlinger v. Gordon,* 72 Ala. 239; *Taliaferro v. Lane,* 23 Ala. 369, 375, 376. Section 524 of the Code of 1896 authorizes the issue of a writ of attachment by a chancellor only under subdivisions 3 and 4, to-wit, when the attachment is issued (3) "to recover damages for a breach of contract, when the damages are not certain or liquidated," and (4) "when the action sounds in damages merely." Section 529 does not make any change in the affidavit required in section 527, but only provides that, when the attachment is sought under subdivisions 3 and 4, "in addition" to this the plaintiff must "make affidavit in writing of the

special facts and circumstances." The special affidavit in this case does not show that the attachment was sought to recover damages for the breach of any contract, nor does it show an action sounding in damages merely, but merely an action for the conversion of property, which, according to the decisions of this court, was a moneyed demand. While the affidavit alleges that the defendant "unlawfully and wrongfully seized and carried away," yet it proceeds, "and converted to their own use the said lumber." In the action of trover, in modern practice, the manner of acquiring possession is immaterial, and may or may not be averred in the complaint. The gist of the action is conversion to the use of the defendant; and when that is alleged the action is trover, and all allegation as to the manner of acquiring the property will be treated as mere inducement or surplusage.—21 Ency. Pl. & r. 1056, 1059, and note 3, 1060, 1061; *Wells v. Connable,* 138 Mass. 513. Consequently there was no authority in the chancellor to issue the writ of attachment in this case, and it was void.—*Atkinson & Turner v. James,* 96 Ala. 214, 216, 10 South. 846; *Vann & Waugh v. Adams, Thorne & Co.,* 71 Ala. 475, 478; *Nordlinger v. Gordon, supra; Taliaferro v. Lane, supra.*

It results that the court correctly gave the general affirmative charge in favor of the claimant, and the judgment of the court is affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.