# Samuel Gans Co. *v.* Tyson.

*Action to Enforce Landlord's Lien.*

(Decided Nov. 24, 1910.   Rehearing denied Jan. 12, 1911.
54 South. 237.)

1. *Landlord and Tenant; Lien; Enforcement; Intervention.*—Where in attempting to enforce his lien for rent, a landlord attaches property found on the premises which is alleged to belong to a sub-tenant, and a purchaser under the sub-tenant intervenes claiming the property, the intervenor is bound by the result of the suit irrespective of any defect in the proceeding for a failure to require notice of levy to the sub-tenant.

2. *Same; Issues.*—Where the proceeding was to enforce a landlord's lien aided by attachment on goods alleged to belong to a sub-tenant and claimed by a purchaser therefrom, it was competent for the one claiming to show that it claimed the property under one who was not a sub-tenant when the attachment was issued and levied.

3. *Same; Burden of Proof.*—When a landlord claiming a lien for rent sues out an attachment and gives bond therefor, the burden is on him to show the existence of his lien, and the validity of the debt against the defendant.

4. *Same; Property of Sub-tenant.*—The landlord has no lien on property of a sub-tenant for rent to accrue against the tenant in chief beyond the term for which the sub-tenant bound himself.   (Sec. 4747, Code 1907.)

5. *Same; Tenancy at Will; Termination by Tenant.*—If it be conceded that the possession of the wife was that of a tenant at will, such tenancy was terminated by her ceasing to use the premises for the sale of goods on the happening of the fire ren-

dering the premises untenantable, and her abandonment of the goods to the insurance company on payment of the insurance money.

6. *Licensee; Sub-tenant; Creation.*—Where a husband takes a lease of a store in his own name and conducts business therein with goods of his wife, as her agent, paying the rent from the receipts of the business, the wife is not a sub-tenant; her possession, if she has any, being that of a mere licensee.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Action by J. C. Tyson against Abe Weil for rent of storehouse, begun by attachment, levied upon certain goods alleged to belong to the subtenant. Samuel Gans Company intervened, claiming the goods as purchaser from the sub-tenant. Judgment for plaintiff and claimant appeals. Reversed and judgment rendered for intervenor.

STEINER, CRUM & WEIL, for appellant. The inquiry here is, Did the defendant in the attachment at the time the lien accrued or the levy made own such property in the goods as is the subject of levy and sale under the process.—*Dryer v. Abercrombie*, 57 Ala. 499. Counsel earnestly insist that there is no evidence in the record showing that the defendant Abe Weil had any interest or property in the goods levied on, and hence, the goods were not within the purview of section 4747, Code 1907. Counsel further insist that if Mrs. Weil was a tenant at will the tenancy had ceased and determined when the fire rendered the premises untenantable and she had released the goods to the insurance company on payment of the insurance policy. —Authority supra. The burden was on the landlord to show the validity of his debt against the tenant, and that the property was his at the time of the levy, and the claimant should have been permitted to show that at the time of the taking of his mortgage all rents and advances up to that time had been discharged.—*Cofer*

*v. Rhineschmidt,* 121 Ala. 253; *B. A. M. Co. v. Cody,*
135 Ala. 622.

TYSON, WILSON and MARTIN, for appellee. Claimant
was not in any position to attempt to show a breach of
the lease. Weil was the only person who could show
this.—*Hill v. Bishop,* 2 Ala. 320; 24 Cyc. 1129, note
49; 11 A. & E. Enc. Law, pp. 230-323. The execution
of the claim bond admitted the validity of plaintiff's
debt.—*Schloss v. Inman,* 129 Ala. 430. In any event
the plaintiff's debt was immaterial or foreign to the
issue.—4 Cyc. 740; *Scott v. Renfroe,* 106 Ala. 611; *Tol-
liver v. Lane,* 23 Ala. 376; *Pulliam v. Newberry,* 41
Ala. 175. In order to controvert the question of a lien
there should be a rule upon plaintiff to show cause why
the writ should not be dissolved and the levy discharg-
ed.—*Mann L. Co. v. Bailey I. Wks.,* 156 Ala. 598; *Brown
v. Coates,* 56 Ala. 439; *Giddens v. Bolling,* 93 Ala. 92;
*Foster v. Goodwin,* 82 Ala. 384. It is clearly contem-
plated by the statute that the landlord's lien for the
rent of storehouses or other buildings is secured  by
all goods whether owned by the tenant or subtenant
which enjoy the protection of the house.—*Giddens v.
Ely,* 17 Ala. 385; *Agee v. Mayer Bros,* 71 Ala. 88.

SAYRE, J.—Tyson had let his storehouse to Abe
Weil reserving a rental payable in monthly install-
ments. Tyson sued out an attachment against Weil
for rent not yet due and caused the writ to be levied
upon 47 boxes of dry goods on the premises. The Sam-
uel Gans Company, a foreign corporation, interposed
its claim to the goods, and a trial of the right of prop-
erty followed; the issue of law and fact being tried by
the court without a jury. From judgment condemn-
ing the goods to the payment of plaintiff's claim, this
appeal is prosecuted.

Plaintiff rests his case upon the fact that the goods levied upon were found on the premises and in the possession of the defendant Weil. The Gans Company relied upon the following facts, which will be stated chronologically: The goods in question had constituted a part of the stock in trade of the mercantile business which Weil had conducted in plaintiff's storehouse. Weil was adjudicated a bankrupt in an involuntary proceeding and his stock of goods sold under an order of the bankrupt court. The Farley Bank purchased at the sale and resold to Mrs. Paulina Weil, defendant's wife, who procured defendant to carry on the business as her agent. Whether the original lease to Weil had expired by limitation, or whether the parties conceived that the adjudication of Weil's bankruptcy had operated an annullment does not appear. Whatever the reason may have been, the parties at this point entered into the agreement of lease under which the rent in suit was reserved and is now claimed—a lease of the premises by Tyson to Weil. Monthly installments of rent accruing subsequently were paid to Tyson by Weil as they fell due out of the proceeds of the business. The storehouse and stock of goods having suffered by fire, an insurance company, which had been carrying a risk upon the stock, paid to Mrs. Weil an amount equal to the value of the entire stock at the time of the fire, taking from her a conveyance of the goods not destroyed, comprising the goods levied upon. The complainant company bought from the insurance company, and had packed the goods in boxes preparatory to shipment. This was the status at the time of the levy of the attachment. These facts were not denied by plaintiff except in the way of an argument that Weil was all along the true owner, the sale to his wife a subterfuge, and that the sale to the insurance company was in truth the act

of the defendant Weil by which he undertook to dispose of the goods while subject to plaintiff's lien. But the argument does not lead our mind to the conclusion that the purchase by Mrs. Weil was in truth a purchase by Weil, or that thereby any fraud was practiced on Tyson. The evidence, uncontradicted except by such inferences as may be drawn from the relations of the Weils, tended strongly to show that Mrs. Weil became in fact the purchaser. And, besides, Weil's testimony was that at the time the lease was taken and the rent in question reserved, which, as we have already noted, was after his bankruptcy and after the sale to Mrs. Weil, he had informed plaintiff that the stock of goods did not belong to him, but to Mrs. Weil. In view of the fact that plaintiff, who testified as a witness, did not deny this statement, there is no sufficient reason for withholding belief in the good faith of the transaction. So, then, the lien upon which plaintiff relies and his case must be made to consist with the fact that the goods levied upon were the property of the claimant. This consistency plaintiff seeks to maintain by reference to the statute which gives the landlord of any storehouse a lien upon the goods of subtenants.

Section 4747 of the Code of 1907 reads as follows: "The landlord of any storehouse, dwelling house, or other building, shall have a lien on the goods, furniture, and effects belonging to the tenant, and subtenant, for his rent, which shall be superior to all other liens, except those for taxes." Succeeding sections of the article state the cases in which the landlord may have an attachment for the enforcement of his lien and the procedure to be followed. The article was brought forward into the Code of 1907 from previous Codes without change except for the insertion in section 4747 of the words "and subtenant." In amending the statute

no effort was made to accommodate the procedure to a case in which the landlord may seek to enforce his lien against the property of a subtenant. Perhaps none is necessary except some provision for notice to the subtenant when his goods are levied upon, and this may be implied from the language of section 4751, which provides that the law governing the issue, levy, trial, and other proceedings in attachment suits in general, not inconsistent with the provisions of the article, shall govern in all cases arising under this article.—*Hudson v. Wright,* 164 Ala. 398, 51 South. 389. However that may be, the Gans Company, claiming in the right of the subtenant, voluntarily made itself a party to the suit and must be concluded by the result.

Conceding everything to the validity of the statute in its operation upon the rights of subtents and to the regularity of the procedure adopted, the judgment condemning claimant's property to the satisfaction of any judgment for rent which plaintiff might thereafter procure against the defendant was erroneous for the reason that plaintiff, upon whom the burden rested, failed to establish a subtenancy. We are unable to see that Mrs. Weil held as a subtenant under Abe Weil. The inference of her subtenancy is to be drawn, if at all, from the fact that Abe weil, acting as her agent for the sale of her goods, used for that purpose the leasehold taken in his own name, and paid the rent for which he became liable to Tyson from month to month out of the proceeds of the sale. But it is not inferable from these facts that any estate, any term, was carved out of the leasehold for Mrs. Weil, or that at any time she had any contract right to a further continuance of the arrangement. It could scarcely be held on these facts that Mrs. Weil had any disposable interest in the freehold. If she is to be treated as having been in any sort

of possession, her relation to her landlord was of a personal character, and her status was that of a mere licensee.—*Ferris v. Hoglan,* 121 Ala. 240, 25 South. 834. In any event, the limit of concession to plaintiff's case is that she was a tenant at will—a tenancy she had a right to determine at pleasure. That she quitted the possession is shown by facts of the same character and probative force as those which are supposed to show that she went into possession. She ceased to use the premises for the sale of her goods. And, further, the fact that the premises became untenantable from an accidental cause, if she had been permitted to show it as she offered to do, would have been sufficient to terminate the tenancy at will. There is no process of reason or principle of justice by which a lien may be fastened by the landlord in chief upon the property of the subtenant of a storehouse, dwelling house, or other building, for rent to accrue against the tenant in chief far beyond the term for which the subtenant binds himself, and in the absence of positive legislative expression we will not so construe the statute. As has been noted, the attachment in this case was for rent to accrue.

Issue was made up as prescribed by statute; the plaintiff alleging that the property claimed was the property of the defendant in the writ, and liable to its satisfaction.—Code, § 6040. While in the ordinary case the claimant has no legal right to raise questions that pertain to the controversy between plaintiff and defendant, yet, where the plaintiff asserts a lien, a right to the satisfaction of his debt out of the property of the claimant—which was the case presented by the evidence here—the trial of the right of property, if it is to be of any value to the claimant, must open the way for him to show that the plaintiff has no lien.—*Boswell v. Car-*

*lisle,* 55 Ala. 554. Accordingly, in *Dryer v. Abercrombie,* 57 Ala. 497, where the contest was between a landlord and a mortgagee, it was held that the claimant mortgagee should have been allowed to show that the landlord's lien had been discharged by payment before attachment sued out, because that fact would negative the ground upon which the plaintiff landlord's right to the property rested—meaning, of course, plaintiff's asserted lien upon claimant's property. The principle of this case was applied in *Aderhold v. Blumenthal,* 95 Ala. 66, 10 South. 230. It was distinctly recognized in *Steadham v. Parrish,* 93 Ala. 465, 9 South. 358, and *Allison v. Pattison,* 96 Ala. 161, 11 South. 194, though in these cases it was held to have no application to the facts there shown. In *Mortgage Co. v. Cody,* 135 Ala. 622, 33 South. 832, it seems to have been taken as a matter of course. In *Jackson v. Bain,* 74 Ala. 328, there was an attachment for rent, and a trial of the right of property. The ruling was that the claimant might negative the asserted lien of the process by showing that it had been issued by an officer without power in the premises. So in *Wigs v. Ringmann,* 155 Ala. 189, 45 South. 153. In the well-considered case of *Cofer v. Reinschmidt,* 121 Ala. 252, 25 South. 769, also a case in which the claimant interposed in an attachment suit brought by a landlord against his tenant, it was said: "Nor can the plaintiff be permitted to recover upon the weakness of the title of the claimant, unless he shows the property to be the property of the defendant, and subject to his attachment, and, in the case under consideration, the additional fact that he had a lien upon it for rent due him by the defendant. It was a matter of no concern to him if he had no lien as landlord, whose property it was, if it did not belong to the defendant"—citing *Dryer v. Abercrombie,* and *Allison v.*

[Samuel Gans Co. v. Tyson.]

*Pattison, supra.* Further, said Tyson, J., in the case from which we have just quoted, arguendo it is true, but with much force nevertheless: "Suppose the defendant had paid his rent to the plaintiff after the institution of the claim suit, or suppose the plaintiff had dismissed his attachment against the defendant after the institution of the claim suit. We do not apprehend there can be a serious controversy that, if either of these supposititious facts had actually existed, the claimant could invoke either of them to defeat the suit against him." So we think the case of *Dryer v. Abercrombie,* the leading case on the subject, is well grounded in justice, well supported by later adjudications, and we are not disposed to impair its authority. Accordingly, we hold that it was competent for the claimant to show that Mrs. Weil, under whom it claimed, was not a subtenant under Weil at the time plaintiff's attachment was issued and levied, in order to negative plaintiff's asserted lien upon her goods. After the claimant made affidavit and gave bond, plaintiff in attachment became the actor, and the burden rested upon him to show the existence of the lien, and, of necessity, a valid debt against the defendant.—*Cofer v. Reinschmidt, supra.*

Applying the foregoing principles, we think the issues of fact should have been decided in favor of the claimant. Proceeding to render the judgment which the trial court should have rendered, we adjudge the issue according to the claimant's contention.

Reversed and rendered.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.