# McLellan *v.* Roberson & Son, *et al.*

*Trespass on the Case.*

(Decided Feb. 2, 1911.   55 South. 99.)

*Landlord and Tenant; Rent; Lien; Priority.*—Where the owner of land contracted to sell same under a verbal agreement that if any installment in the price was not paid, the relation of landlord and tenant should exist and the rent should be a specific share of the crops, and such owner made advances from year to year, the whole of which was never paid, and no payment was made on the land; and subsequently the same parties made a new contract with provision as to rent in case the purchase price was not paid, the owner and landlord had a lien for rents and advances superior to a lien for advances made by a third person, who made no inquiry as to the terms of the purchase, or as to whether the land had been paid for.

APPEAL from St. Clair Circuit Court.

Heard before Hon. JOHN W. INZER.

Case by R. L. McLellan against James R. Roberson & Son, and others, for certain cotton, alleged to have been raised by one. Brown. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

M. M. and VICTOR H. SMITH. for appellant. Under the facts in this case appellant had a landlord's lien paramount to that of appellee.—Section 4734 and 4736, Code 1907; *Smith v. Huddleston,* 103 Ala. 233. The defendants were not bona fide purchasers.—*Bush v. Willis,* 130 Ala. 395; *Kelly v. Eyster,* 102 Ala. 325; *Sloan v. Hudson,* 119 Ala. 27; *Waite v. Corbin,* 109 Ala. 154. The landlord's lien for advances is on the same basis of equality as his lien, and where the tenancy continues, the lien continues.—*Thompson v. Powell,* 77 Ala. 391; *Reese v. Hugely,* 82 Ala. 267; *Fitzsimmons v. Howard,* 69 Ala. 590; *Bush v. Willis, supra.* The plaintiff was entitled to maintain this action either in assumpsit or

[McLellan v. Roberson & Son, et al.]

case.—*Foxworth v. Brown*, 120 Ala. 359; *McCarty v. Roswald*, 105 Ala. 511; *Ehrman v. Oates*, 101 Ala. 604. On these authorities, the court should have given charges 1, 2 and 3.

STARNES & GREENE, and J. M. CHILTON, for appellee. Under the facts in this case McLellan had no lien whatever.—*Collins v. Wigham*, 58 Ala. 438; *Tucker v. Adams*, 52 Ala. 254. If the relation of landlord and tenant existed, then no recovery could be had for the purchase money.—*Steiner v. Baker*, 111 Ala. 389. McLellan could not by secret agreement deprive the Robersons of their superior lien without giving them notice of the change in the relation.—*Kelly v. Eyster*, 102 Ala. 325.

SIMPSON, J.—This action is by appellant against the appellees for the value of certain cotton, raised on lands claimed to belong to the appellant by one Lane Brown, claimed to be his tenant. The facts are that in the year 1904 the appellant made a verbal contract with said Lane, by which the 40 acres of land was delivered to said Lane under an agreement of purchase, with the further agreement that, if any installment of purchase money was not paid, the relation of landlord and tenant was to exist, at the rate of one-fourth of the cotton raised and one-third of the corn. Advances were made by said McLellan from year to year, the whole of which was never paid, and no payments were made upon the land. Advances were also made by the defendants from time to time; but it is unnecessary to consider any of these, further than to state that if the plaintiff was entitled to a lien for these, although he may have waived his lien for certain years in order to allow his tenant to procure advances, yet the lien continued from year to year until the amount was paid. In De-

cember, 1907, said Lane being indebted to plaintiff to the amount of about $300 and having paid nothing on the land, plaintiff informed him that he would not waive his lien any longer; and they made another contract of sale with provisions as to rents in case the purchase money was not paid, which contract was, on May 18, 1908, reduced to writing, and appears in the record.

The contention of the appellee is that he thought that the said Lane had purchased the property and owned it, but he does not claim that he ever made any inquiry as to the terms of purchase, or as to whether the land had been paid for, and that it was a question for the jury as to whether he had notice of facts sufficient to put him upon inquiry; also that the relation of landlord and tenant did not exist until the written contract of May 18, 1908, and, as defendant's mortgage on the growing crop antedated that instrument, he was an innocent purchaser without notice and his mortgage superior to the landlord's lien. This court has held that "one who takes a mortgage upon a crop to be planted, or growing, on land in possession of the mortgagor, without any notice that the mortgagor is or may become a tenant as to crops, by the terms of the contract under which he acquired possession of the land and the right to plant and grow the crop, is not an innocent purchaser in the sense that his mortgage lien is superior to the landlord's, there being no question of waiver or estoppel."—*Waite, La Fils & Co. v. Corbin,* 109 Ala. 154, 155, 156, 19 South. 505, 507. "The fact that the tenant declared that he owned the land, or the mortgagee may have believed that he was the owner, and took the mortgage in good faith, his belief and action not having been superinduced by the landlord cannot avail against the right of the landlord."—*Bush & Co. v. Willis.* 130 Ala. 395, 399, 30 South, 443, 444; *British & American*

*Mortgage Co. (Limited) v. Cody,* 135 Ala. 622, 627, 33 South. 832; Code of 1907, § 4734.

It is true that this court has held, where land has been sold, without any agreement for renting on failure to pay the purchase money, and, after a mortgage had been given for advances, the purchaser and vendor rescinded the former sale and agreed to a renting contract, that the mortgage was prior to the subsequent lien fixed by the renting contract; but that case had no application to the facts of this case, in which the agreement for renting was a part of the original contract.— *Mecklin v. Deming,* 111 Ala. 159, 162, 20 South. 507. It is also true that if the plaintiff had made any statement to, or had had any transaction with, the defendants tending to show that the relation of landlord and tenant did not exist, it might be a question for the jury as to whether he had waived his rights as to the defendants; but there is no evidence tending to show any waiver. Even as to the waiving by the plaintiff of his priority in previous years, it is not shown that his agreement was with the defendants, and, if it had been, it would only have emphasized to them the fact that the plaintiff had a lien to waive. These being the facts, the court erred in refusing to give the general affirmative charge in favor of the plaintiff.

The fact that the plaintiff rented another small tract of land to Lane has no bearing on this case, as it is admitted that the cotton in question was raised on the 40-acre tract; nor have we deemed it necessary to refer to the testimony of the plaintiff that he had distinctly informed the defendants of the nature of the transaction between plaintiff and said Lane, nor to the testimony of the defendant merely to the effect that he did not remember the conversation.

The judgment of the court is reversed and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and MCCLELLAN, and MAYFIELD, JJ., concur.