**FEDERAL LAND BANK OF NEW OR-
LEANS v. STRICKLAND et al.**

**4 Div. 706.**

Supreme Court of Alabama.

June 8, 1933.

Rehearing Denied June 22, 1933.

Simmons & Simmons, of Opp, for appellees.

C. B. Fuller, of Andalusia, for appellant.

KNIGHT, Justice.

The appellant, Federal Land Bank of New Orleans, filed its bill in the circuit court of Covington county against C. L. Strickland and others, to enforce its lien, as landlord, for rent due it by said Strickland and others for the year 1931.

Affidavit was made, and bond given, by the complainant, and an attachment writ was issued by the register, by direction of the judge of the circuit court, in accordance with the prayer of the bill. This writ commanded the sheriff to attach "the property of said C. L. Strickland, L. E. Strickland, G. W. Strickland, T. P. Tanner and Charlie Bailey, to-wit: all of the crops gathered and ungathered of cotton, corn, peanuts, beans, potatoes and hay, situated, raised or grown on the J. E. Strickland plantation," in Covington county, and which is described in the writ by government numbers, and the sheriff was ordered to harvest the ungathered portion of said crops.

The sheriff returned the writ, showing by his indorsement thereon that he had executed the writ by levying on "all of the crops, gathered and ungathered, of cotton, corn, peanuts, beans, potatoes and hay, situated, raised or grown" on the lands described in the writ.

Thereafter C. L. Strickland and G. W. Strickland gave bond and replevied certain of the property, and, likewise, the said Tanner and Bailey replevied some of said property.

There was no motion to quash the writ, nor any plea in abatement thereof, filed by any of the respondents.

On final hearing the court rendered a decree, adjudging that the said C. L. Strickland was the tenant during said year of the complainant, and ascertained and decreed that the amount of rent due by Strickland to the complainant, including attorney's fee, was $1,018.40. Personal judgment was entered accordingly against the said C. L. Strickland, and an execution was ordered to issue thereon. The court also decreed that four bales of cotton, in the possession of S. D. Jones and I. N. Heath, were liable to complainant's attachment writ, and ordered the same to be sold, and the proceeds applied on the decree against said C. L. Strickland.

The court, however, refused to condemn to the satisfaction of the attachment writ the property levied upon by the sheriff, and which was replevied, holding that: "There is nothing in the testimony anywhere showing that the crops which were levied upon by the sheriff under the attachment, which had been issued, were grown or raised upon the lands described in the bill of complaint." The court dismissed the bill as to all respondents, except the said C. L. Strickland, the tenant in chief, and the said S. D. Jones and I. N. Heath.

Ordinarily, property levied on under attachment is thereby placed under a lien, which is perfected, and made available, when the attachment suit ends in a judgment for the plaintiff. Pending the suit, the defendant, or even a stranger, may replevy the property, and take it out of the custody of the sheriff. This, however, is declared to be a mere inexpensive mode of preserving the property until it is required for the payment of the judgment that may be rendered. Until the bond is forfeited, the property is in the custody of the law, and the lien is neither destroyed nor impaired. McRae et al. v. McLean, 3 Port. 138; Rives v. Wilborne, 6 Ala. 45; 1 Brickell's Dig. 162; Cordaman v. Malone, 63 Ala. 556; Code, § 6203.

This rule applies, of course, in those cases where the attachment is sued out to create a lien upon the property or estate, generally, of the debtor.

In such cases, "whether the attachment was rightly sued out, was matter of abatement only, and could only be raised by plea in abatement; and if sued out on a demand for which attachment in the particular case would not lie, the mode of reaching the defect was by a rule on the plaintiff to show cause why the attachment should not be dissolved." J. R. Bates v. Bank of Moulton (Ala. Sup.) 148 So. 150, 153; [1] Brown v. Coats, 56 Ala. 439; Jordan v. Hazard, 10 Ala. 221; Gill v. Downs, 26 Ala. 670; Van Dyke v. State, 24 Ala. 81; Cain v. Mather, 3 Port. 224; Roberts v. Burke, 6 Ala. 348; Burroughs v. Wright, 3 Ala. 43; Ex parte Putnam, 20 Ala. 592.

But the attachment in this case was sued out, not for the purpose of creating a lien upon the property, generally, of the defendant, but for the purpose of enforcing a rent lien asserted by the complainant in his bill, and the sole equity of the bill is rested upon that assertion, and the property—crops—levied upon was brought under the jurisdiction of the court upon the sole theory that the crops were grown upon the rented premises during the term covered by the rental contract. If the crops were not in fact grown thereon during the term of the lease, then, as a matter of course, the complainant had no lien, and could not acquire, by the levy of his attachment writ, a lien on the property. Such a lien is given by virtue of the statute (Code 1923, § 8799 et seq.), when the relationship of landlord and tenant is shown to exist, and the crops sought to be reached are also shown to have been grown on the rented premises, during the term of the lease.

The complainant, landlord, has the burden of proving every material allegation of his complaint. "If he claims a lien, the

[1] 226 Ala. 679.

burden is on him to show the existence of the lien, and that the property seized is subject thereto, and he must show the validity of his claim." 36 Corpus Juris, p. 475, § 1397; Blankenship v. Blackwell, 124 Ala. 355, 27 So. 551, 82 Am. St. Rep. 175; Samuel Gans Co. v. Tyson, 170 Ala. 513, 54 So. 237; Rogers v. Hines, 204 Ala. 549, 86 So. 524; Herzfeld v. Hayne, 200 Ala. 615, 76 So. 973.

A careful review of the evidence fails to disclose that the crops levied upon, and against which complainant sought to enforce a lien, were grown upon the rented premises, during the term covered by the rental contract. Therefore, it must be held that the complainant did not discharge the burden of proof resting upon him, and the court below properly so decreed.

It follows, therefore, that the decree of the circuit court is due to be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

### On Rehearing.

KNIGHT, Justice.

It is earnestly insisted that there is conflict between the holding in this case and in the case of Landers v. Moore et al., 21 Ala. App. 12, 106 So. 223, affirmed by this court in 214 Ala. 20, 106 So. 225. We do not think so.

In the Landers' Case, supra, an attachment had been issued and levied upon certain personal property, consisting of "one saw mill, one boiler, one steam engine, one ledger and one trimmer, constituting a complete saw-mill." Landers filed a claim suit, seeking to establish his right to the property under a purchase from the defendant in the attachment suit.

On the trial of the attachment suit, the plaintiff introduced in evidence the record of the attachment suit, going to show that the writ of attachment was levied upon the property in controversy by the sheriff; that written notice of the levy was duly served on defendant, and the court rendered judgment for plaintiff and against defendant, in the attachment suit, condemning the property to be sold for satisfaction of the judgment. It was after the issuance of venditioni exponas, and levy thereunder, that the claimant attempted to defeat the attachment proceedings by showing that the sheriff did not take possession of the property, but allowed it to remain with the defendant after the alleged levy; that after the alleged levy the defendant in attachment had removed the property from its then position to another place. And that, after its removal, claimant had bought the property.

The claimant's contention was that, if there was in fact a valid levy, the same was abandoned, and the lien lost. The real contention in the case was over whether or not the levy was abandoned, and the lien lost on that account. On the question of whether there was in fact a levy, the court held that the writ as to strangers to the process is prima facie evidence of the facts stated in the return, and, as between the parties to the process and their privies. it is conclusive, and may not be impeached by parol testimony.

The case now before this court presents quite a different question. The complainant charged that the crops were grown on premises rented from it, and there is a total failure to prove this averment. The fact that the sheriff levied upon certain produce is not denied, but the burden was upon the complainant to prove the averments of the complaint, and we hold he failed to discharge the burden.

There is nothing in the other questions presented which call for further consideration.

Application for rehearing overruled.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.